346 So.2d 554 (1977)
John L. WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1508.
District Court of Appeal of Florida, Third District.
February 8, 1977.
Rehearing Denied March 16, 1977.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
BARKDULL, Judge.
The appellant appeals from a final judgment after a jury verdict finding him guilty of two counts of assault with intent to commit first degree murder. He was sentenced to consecutive sentences of 15 and 10 years.
One of the defenses was not guilty by reason of insanity. No request for an instruction on the consequences of a verdict of not guilty by reason of insanity was made by defense counsel. No objections to the instructions as given by the court were made by defense counsel and, in fact, defense counsel agreed to the instructions as given.
*555 Subsequent to the trial in this case, the Supreme Court of Florida rendered the opinion in Roberts v. State, 335 So.2d 285 (Fla. 1976), wherein it adopted the so-called Lyles rule in regard to this type of instruction. Said opinion reads, in part, as follows:
* * * * * *
"* * * we decline to limit our holding to the facts of this case. In so doing we expressly adopt the so-called `Lyles rule,' which is followed in an increasing number of state jurisdictions. * * *" [emphasis supplied]
On this appeal, counsel for the appellant urges fundamental error in the failure of the trial judge to give the Lyles charge. We reject this contention.
Florida Appellate Rules of procedure makes it incumbent on a defendant to request an instruction desired. See: Fla. App. Rule 6.7g. Pursuant to Fla.R.Crim.P. 3.390(d), it is incumbent upon the defendant to object to the jury instructions if they don't meet with his approval. Roberts v. State, supra, stands for the proposition that it is mandatory for the trial court to give a "Lyles" instruction if it is requested. No where does that case obviate the necessity of complying with applicable rules of procedure requiring the defendant to request instructions he desires be given to the jury or to object to what he considers defective or improper charges. Thus, where the defendant herein failed to request a "Lyles" instruction or to object to the trial court's failure to give such a charge, he has no standing to raise the question on appeal. Williams v. State, 285 So.2d 13 (Fla. 1973); Rayner v. State, 286 So.2d 604 (Fla. 2nd D.C.A. 1973); Fla.R.Crim.P. 3.390(d).
Furthermore, even if Roberts v. State, supra, does hold it mandatory for the trial court to sua sponte give a charge on the "Lyles" rule [a holding we clearly reject herein], that case would not be applicable in the instant case. Such a ruling, which would relieve a defendant from the requirements of Fla.App. Rule 6.7g and Fla.R. Crim.P. 3.390(d), would clearly be procedural in nature and would not be given retroactive effect. See: Morris v. State, 261 So.2d 563 (Fla. 2nd D.C.A. 1972). In fact, the opinion in Lyles v. United States, 103 U.S. App.D.C. 22, 254 F.2d 725 (1957), as adopted by the Supreme Court of Florida in Roberts v. State, supra, shows on its face that it was to be given prospective treatment. Said opinion states, in part:
* * * * * *
"* * * Otherwise, whenever hereafter the defense of insanity is raised, the trial judge shall instruct * * *." [emphasis added]
The other point urged as error herein has been examined and found to be without merit. Spencer v. State, 133 So.2d 729 (Fla. 1961); Thomas v. State, 326 So.2d 413 (Fla. 1976).
Therefore, the verdicts, adjudications of guilt, and sentences be and they are hereby affirmed.
Affirmed.

ON PETITION FOR REHEARING
PER CURIAM.
The appellant has filed a petition for rehearing in this matter, raising two grounds. First, he contends that Roberts v. State, 335 So.2d 285 (Fla. 1976) requires that it affirmatively appear from the record that an accused does not wish the instruction on the consequences of a not guilty by reason of insanity verdict be given to the jury, or the court must give such an instruction. Secondly, he contends that the Lyles ruling should not be given retroactive effect. A direct quote from Roberts v. State, supra, wherein the Supreme Court has quoted from Lyles v. United States, 103 U.S.App. D.C. 22, 254 F.2d 725 (1957), is as follows:
* * * * * *
"Sometimes a defendant may not want such an instruction given. If that appears affirmatively on the record, we *556 would not regard failure to give it as grounds for reversal. Otherwise, whenever hereafter the defense of insanity is fairly raised the trial judge shall instruct the jury as to the legal meaning of a verdict of not guilty by reason of insanity, in accordance with the view expressed in this opinion."
* * * * * *
In Lyles, the trial court sua sponte charged the jury on the consequences of a verdict of not guilty by reason of insanity, to which the defendant alleged error. Affirmance of that conviction resulted in the so-called Lyles Rule.
In Roberts, the Florida Supreme Court had before it an appeal from the trial court's refusal to give such a charge. In adopting Lyles, the Supreme Court stated: "* * * we reverse on the issue of refusal to give the requested instruction, * * *." In neither case did the courts hold failure to give an instruction on the consequences of a not guilty by reason of insanity plea to be fundamental error, so as to permit the raising of the question for the first time on appeal. In the instant case, said instruction was neither requested nor given. No objection was raised thereto in the trial court, nor was it originally assigned as error herein. Said error was raised by supplemental assignment of error, filed pursuant to order of this court.
It does not appear that this court should go beyond the holdings in Lyles v. United States, supra, and Roberts v. State, supra, and declare a failure to give a charge on the consequences of a not guilty plea by reason of insanity to be fundamental error, so as to obviate the necessity that a defendant properly raise and perserve error in the trial court.
As to the second point raised in the petition for rehearing, it would appear that on the basis set forth in this court's original opinion that Roberts v. State, supra, should not be given retroactive effect, notwithstanding the holding to the contrary in Ringgo v. State, 339 So.2d 293 (Fla. 2nd D.C.A. 1976). Here, again, a request was made for a Lyles charge and the appeal challenged the denial thereof.
Therefore, the petition for rehearing filed herein should be denied.
Denied.