363 So.2d 45 (1978)
Willie SIMPKIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-997.
District Court of Appeal of Florida, Third District.
October 10, 1978.
*46 Taffer & Jacobs and Jack J. Taffer, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL[*] and KEHOE, JJ.
PER CURIAM.
The defendant, Willie Simpkin, was informed against in a two count information charging (1) burglary of a dwelling and (2) grand larceny. After a jury trial, he was found guilty on each count and was sentenced to a term of fifteen years imprisonment on the burglary charge and a consecutive term of five years on the grand larceny charge.
Two points are presented. The first urges that the evidence is not sufficient to support the conviction on the burglary charge and the second urges that the trial court committed fundamental error in failing to define a dwelling as distinguished from a structure. Under the second point, the claim is to fundamental error because the defendant neither requested the instruction, the omission of which is now claimed to be error, nor did he object to the trial court's failure to give such an instruction. We affirm upon a holding that the evidence is sufficient to support the jury verdict of guilty of burglary of a dwelling and upon the further holding that the failure to give the instruction upon which error is now assigned was not, under the circumstances of this case, fundamental error.
Simpkin had the misfortune of being caught red-handed in the act of removing goods from a dwelling house occupied by one Pierre Gesner. His defense was an assertion that he was paid $20.00 to assist a person named "Mr. Slims" in moving furniture and that he had no knowledge of any burglary. The defendant contends on this appeal that this explanation was sufficient to raise a reasonable hypothesis of innocence and that the truth of this hypothesis was not disproved to the absence of a reasonable doubt. Our review of the record convinces us that this position is not well taken and that the circumstances of the case, such as the fact that a forceable entry had been made prior to the removal and the goods were stacked ready for removal in a place next to the jimmied door, together with the nature of the goods being removed and other circumstances of the case, render defendant's explanation unreasonable, as the jury found. In this connection, it should be noted that the defendant could not identify or give police any instructions for contacting Mr. Slims. There was the additional fact that the van being used for the transportation of the articles was "hotwired." We conclude, therefore, that the record contains sufficient evidence to support the jury's finding of guilt upon the burglary charge.
The second point presented is predicated upon the fact that while the applicable burglary statute, Chapter 810, *47 Florida Statutes (1975), does not make burglary of a dwelling a distinct offense, a subsequent section, Section 810.02(3), Florida Statutes (1975), provides that burglary of a dwelling constitutes a felony in the second degree while the burglary of an unoccupied structure constitutes a felony in the third degree. The appellant was charged by the words of the information with burglary of a dwelling. Thereupon, defendant argues that it was fundamental error for the court to fail to give a definition of a dwelling inasmuch as the jury was called upon to find the defendant guilty of such an offense.
As pointed out, the defendant was charged with burglary of a dwelling. Therefore, he had full notice of the extent of the charge against him. At the trial, the evidence fully supported the charge. There was uncontroverted evidence that the burglary was of a dwelling belonging to Mr. Gesner. No issue was raised on this point and no contrary evidence was offered. Further, at no time during the trial or in the discussion of charges was the point ever made to the trial court that an instruction defining a dwelling should be given to the jury. Finally, the verdict of the jury found the defendant guilty of burglary of a dwelling. We hold that under the circumstances of this case, fundamental error does not appear and that the defendant has waived the giving of an instruction which would define the word dwelling as used in the information. See Ward v. State, 123 Fla. 248, 166 So. 397; 124 Fla. 113, 168 So. 397 (1936). Further, it is clear that the failure to give an unobjected to, or not requested, jury charge is not ordinarily fundamental error. See Williams v. State, 346 So.2d 554, 556 (Fla. 3d DCA 1977). We hold that under the circumstances of this case, fundamental error has not been shown. Cf. Gibson v. State, 194 So.2d 19 (Fla. 2d DCA 1967).
Affirmed.
KEHOE, Judge (dissenting).
I respectfully dissent from that portion of the majority opinion dealing with appellants conviction of burglary of the second degree.
On October 28, 1976, the state charged appellant with a felony of the second degree, i.e. burglary of a dwelling, in violation of Section 810.02(3), Florida Statutes (1975). Consequently, one of the essential elements of the offense charged was that the structure entered was a "dwelling."
I agree with the majority opinion that the evidence fully supported the crime charged. The problem arises in that the trial court did not charge the jury by Florida Standard Jury Charges, or otherwise, with the aggravating circumstances which elevated this alleged burglary from third degree burglary to second degree burglary. The court gave only the Florida Standard Jury Charge which pertains to the burglary of a "structure", which constitutes burglary of the third degree. § 810.02(1), Fla. Stat. (1975).
Our problem is further compounded by the fact that defense counsel made no objection concerning either the giving of or the refusal to give any instruction before the jury retired, nor was the issue specifically raised on motion for new trial. My colleagues, citing the authorities upon which they rely, feel that this failure on counsel's part is dispositive of the matter.
I am fully aware of Florida Rule of Criminal Procedure 3.390(d) and a long line of cases stating the elementary principle that a request for an instruction or an objection to a failure to give an instruction is a prerequisite to raising error on appeal. See, e.g., Flagler v. State, 198 So.2d 313 (Fla. 1967); Hood v. State, 287 So.2d 110 (Fla. 4th DCA 1973); Clements v. State, 284 So.2d 700 (Fla. 3d DCA 1973); and Alford v. State, 280 So.2d 479 (Fla. 3d DCA 1973). Also, I recognize that the Florida courts have on many occasions declined to apply the fundamental error rule to alleged errors arising from unrequested jury instructions or from those to which no objection was made. See, e.g., McCaskill v. State, 344 So.2d 1276 (Fla. 1977); Williams v. State, 346 So.2d 554 (Fla. 3d DCA 1977); Shockey v. State, 338 So.2d 33 (Fla. 3d DCA 1976); *48 and Gibson v. State, 194 So.2d 19 (Fla. 2d DCA 1967). However, I feel that the case presently before us calls for the application of a rule of law which distinguishes these principles. In this case, as distinguished from those cited above, the trial court failed to charge the jury on an essential element of the crime charged in the information, i.e., that appellant entered a "dwelling." See § 810.02(3), Fla. Stat. (1975). As stated above, the charge actually given to the jury used the word "structure" rather than "dwelling." In my opinion, the giving of this charge constituted such error as to require reversal, even though appellant neither made an objection to it nor requested a different charge. See Robles v. State, 188 So.2d 789 (Fla. 1966); Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945); Croft v. State, 117 Fla. 832, 158 So. 454 (1935); Finch v. State, 116 Fla. 437, 156 So. 489 (1934); Wright v. State, 250 So.2d 333 (Fla. 2d DCA 1971); Jones v. State, 187 So.2d 915 (Fla. 2d DCA 1966); Canada v. State, 139 So.2d 753 (Fla. 2d DCA 1962). Accordingly, I would reverse and remand the cause for a new trial on the burglary charge only.
NOTES
[*] Judge Barkdull participated in the decision in this case but did not hear oral argument.