366 So.2d 817 (1979)
Sandy WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1142.
District Court of Appeal of Florida, Third District.
January 16, 1979.
Rehearing Denied February 12, 1979.
*818 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender and Mark Wilensky, Legal Intern, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
The defendant, Sandy Williams, takes this appeal from an adjudication of guilt based upon a jury verdict and sentence upon a four count information. The judgment found the defendant guilty of (1) false imprisonment and kidnapping of one Linda Moore, (2) committing an aggravated assault upon the said Linda Moore, (3) false imprisonment and kidnapping of one James Stroman, and (4) committing an aggravated assault upon the said James Stroman. The defendant was sentenced as follows: (1) count one  fifteen years; (2) count two  five years to run consecutively to the sentence on count one; (3) count three  fifteen years to run consecutively to the sentences on counts one and two; and (4) count four  five years to run consecutively to the sentences on counts one, two and three.
While the evidence before the jury was conflicting in its entirety, the testimony which supports the jury verdict is that when James Stroman and Linda Moore returned to the campus of Florida Memorial College after a party, they were sitting behind Miss Moore's dormitory. The defendant approached them from behind, pointed a gun at them and told them to walk to his car. When the three arrived at the automobile, all three entered the automobile but before the car was started, Stroman ran away. Stroman reported the incident to the police and a search for the car and its occupants was undertaken. The defendant drove Miss Moore to a remote place where he told her to remove her clothing. Thereafter, she managed to grab the gun and a struggle ensued in which Miss Moore bit the defendant on the shoulder. The gun was discharged but Miss Moore was not struck and she was able to run away. She called her roommate, who in turn called the police, and thereafter the defendant was apprehended.
During the trial, the prosecutor inquired of the arresting officer, "What, if anything, did the Defendant tell you about the weapon being in his home?" The response was, "At that immediate time, nothing. In fact, after being advised of his rights, he didn't say anything to us." No objection or motion was directed by the defendant to the statement of the witnesses.
On this appeal, the defendant's first contention is that under the law in effect at the time of the trial of this cause, he was not required to object or move upon the basis of the objectionable statement and, therefore, that the statement constituted fundamental, reversible error in the denial of a constitutional right pursuant to the law set forth in Jones v. State, 200 So.2d 574 (Fla. 3d DCA 1967). See also Bennett v. State, 316 So.2d 41 (Fla. 1975); Eck v. State, 354 So.2d 459 (Fla. 4th DCA 1978), and Spann v. State, 340 So.2d 1215 (Fla. 4th DCA 1977).
The defendant admits that the decision of the Supreme Court of Florida in Clark v. State, 363 So.2d 331 (Fla. 1978), is governing in all cases in which trial was held after the opinion's publication. The decision in Clark holds that reversible error is not presented unless an objection or motion is directed to comments concerning the defendant's failure to make a statement after having been given the required warnings. It is the defendant's contention that the Clark holding may not be applied to trials held prior to the publication date of the opinion. The defendant supports this position with the proposition that changes in the law of procedure ordinarily will not be applied retrospectively to causes tried under a prior procedure. See Tucker v. State, 357 So.2d 719 (Fla. 1978), and Williams v. State, 346 So.2d 554 (Fla. 3d DCA 1977).
*819 Generally, a decision of the Supreme Court of Florida is applied to any appeal then pending because such an appeal is decided upon the law as it stands at the time of the decision in the appeal. Wheeler v. State, 344 So.2d 244 (Fla. 1977). However, we believe we are in no way bound to deny a retrospective application of the Clark v. State decision unless we are directed to do so by the controlling opinion. See the concluding portions of the opinions in the Tucker and Williams cases, cited above.
The law as applied in Clark v. State, 363 So.2d 331 (Fla. 1978), was not a procedural change in the law. It amounted to an initial announcement by the Supreme Court of Florida of the conditions under which an appellate court could reverse for an error in the presentation of certain evidence. The decision was applicable to all appeals decided after that date. The defendant's suggestion that he has a vested interest in the state of the law with regard to the necessity for an objection simply is not borne out by the cited cases. The defendant's first point fails to present error because of the holding of the Supreme Court of Florida in Clark v. State, supra.
A second point presented urges that the trial court erred in failing to instruct the jury on the essential elements of the charged offense of aggravated assault. It has frequently been stated that it is the duty of a trial court to instruct the jury on the essential elements of the crime charged and required to be proved by competent evidence. See McClendon v. State, 196 So.2d 905, 910 (Fla. 1967); Gerds v. State, 64 So.2d 915 (Fla. 1953), and Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945). The record supports the defendant's contention that the court in the present instance failed to give the standard instruction on aggravated assault and failed to substitute any other instruction which defined the essential elements of an assault. Here again, the defendant did not object to the failure to instruct. We hold, nevertheless, that the instruction on the elements of the charged offense is an indisputable requisite of a fair and impartial trial and, therefore, this record requires reversal of the adjudication of guilt and sentences upon counts two and four, which charged the defendant with aggravated assault.
A third point presented by the defendant claims that a sentence upon a charge of aggravated assault is forbidden as a multiple punishment where two criminal offenses arise out of the same transaction. See State v. Munford, 357 So.2d 706 (Fla. 1978). An examination of the record in the light of the defendant's point shows that it is not well taken because the two crimes were separate and distinct. They occurred at separate times in that the assault was first completed and then the imprisonment occurred upon the further actions of the defendant in confining the victims for transportation. See Estevez v. State, 313 So.2d 692 (Fla. 1975); Jackson v. State, 338 So.2d 231 (Fla. 3d DCA 1976), and Moreno v. State, 328 So.2d 38 (Fla. 2d DCA 1976).
It may appear that the holding here was rendered moot by the reversal of the adjudication of guilt on the aggravated battery counts. Such is not the case inasmuch as the aggravated assault counts may be tried again.
Accordingly, the judgment and sentences are affirmed in part and reversed in part, as follows: (1) count one  judgment and sentence affirmed, (2) count two  judgment reversed, (3) count three  judgment and sentence affirmed, and (4) count four  judgment reversed. The cause is remanded to the trial court for retrial of counts two and four.
Affirmed in part, reversed in part and remanded.