393 So.2d 1187 (1981)
Eric Nemiah INGRAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1825.
District Court of Appeal of Florida, Third District.
February 17, 1981.
Bennett H. Brummer, Public Defender and Robert R. Schrank, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
PER CURIAM.
The defendant Eric N. Ingram appeals a judgment of conviction and sentence based on two counts of obtaining property in return *1188 for a worthless check in excess of $50, [§ 832.05(4), Fla. Stat. (1979)] entered against him upon a jury verdict after trial in the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant contends that the trial court committed fundamental error in: (a) failing to give any instruction whatever to the jury relating to a material element of the crimes for which he was charged and convicted, namely, the obtaining through a worthless check of "any services, goods, wares, or other things of value." [§ 832.05(4)(a), Fla. Stat. (1979)]; and (b) misreading the pertinent counts of the subject information to the jury so as to omit the above material element as it was alleged therein. We entirely agree.
It seems clear beyond dispute that the jury here was completely misled as to what the defendant was charged with and had no knowledge whatever as to a material element of the crime which made these offenses felonies as opposed to misdemeanors [compare § 832.05(2), Fla. Stat. (1979)], a matter which went directly to the circuit court's jurisdiction to try this case. See § 26.012(2)(d), 34.01(1), Fla. Stat. (1979). It is, therefore, our view that the compounded error under consideration goes to the very foundation of this case and is fundamental in nature. Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). The judgment of conviction and sentence under review must be and is hereby reversed and the cause remanded for a new trial. See e.g. State v. Jones, 377 So.2d 1163 (Fla. 1979); Croft v. State, 117 Fla. 832, 158 So. 454 (1935); Williams v. State, 366 So.2d 817 (Fla. 3d DCA), cert. denied, 375 So.2d 912 (Fla. 1979).
Reversed and remanded for a new trial.