SCHWARTZ, Judge.
On July 16,1979, two men with handguns held up a Burger King restaurant in Dade County. After a trial at which the sole issue was identity and upon instructions to which the defendant did not object, the jury found the appellant Williams guilty of the armed robbery. This appeal from the resulting adjudication and sentence to life imprisonment raises primarily the important question of whether the omission from the definition of robbery in the jury charge of the intent to deprive held in Bell v. State[1] to be an element of that crime constitutes fundamental error.[2] Because the existence of that intent was not in question at the trial, we hold that no such error was committed.
The issue in this case is common to all, or nearly all, robbery convictions secured in Florida between 1976 and 1980. It arises because the standard jury instruction given by the trial court on the crime of robbery under Section 812.13, Florida Statutes (1975), as amended by Chapter 74-383, § 38, Laws of Florida, although generally approved by the supreme court itself, see Standard Jury Instructions in Criminal Cases, 327 So.2d 6 (Fla.1976), did not include — incorrectly, as it turned out — the intent element required by Bell.[3] The appellant contends here that this mistake fatally infects the judgment below and requires reversal notwithstanding his failure to raise the issue at trial.[4] Williams expressly concedes on appeal, as he implicitly admitted below, that whoever held up the Burger King fully intended to take its property, and thus that there was no jury issue that the state had met its burden of proof concerning the subject of the defect in the instruction. He claims, however, as he must, that the omission of any element of the crime of which a defendant is convicted necessarily and invariably constitutes fundamental error regardless of the circumstances. We find that such a rule does not exist and that fundamental error occurs in such a situation only when an omission or error in the definition of a crime is pertinent or material to what must actually be considered by the jury in order to convict. Since that patently is not the case here, Williams’ argument cannot be accepted.
Any discussion of the preservation-fundamental error issue in general, and as it relates to unchallenged jury charges in particular, must commence with Castor v. State, 365 So.2d 701 (Fla.1978). There, the court re-emphasized the necessity that any *544 such alleged errors be timely asserted below. The court said that this was “invariably required,” subject only to the “limited exception” which arises in the “rare cases of fundamental error” [e. s.], 365 So.2d at 703, 704. See also, State v. Cumbie, 380 So.2d 1031 (Fla.1980); Clark v. State, 363 So.2d 331 (Fla.1978). Castor defines, in turn, fundamental error in the most restricted manner:
For an error to be so fundamental that it may be urged on appeal though not properly preserved below, the asserted error must amount to a denial of due process. State v. Smith, 240 So.2d 807 (Fla.1970).
365 So.2d at 704, note 7. As applied to this case, Castor could easily serve as the end, as well as the beginning, of our inquiry. For, on the face of the matter, it clearly cannot be said that a defendant’s right to due process — that is, to an essentially fair trial, see State v. Jones, 377 So.2d 1163 (Fla.1979); Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla.1980)—is compromised in any way by the failure to tell the jury that the state must prove something which undisputedly has in fact been established.[5]
In the particular area with which we are concerned, the decided Florida cases fully support this conclusion. While there are several broad references to an affirmative duty of the trial court to instruct the jury on the elements of the crime charged, e. g., Croft v. State, 117 Fla. 832, 158 So. 454, 456 (1935); Whitehead v. State, 245 So.2d 94, 99 (Fla. 2d DCA 1971), the fact is that every such omission or misstatement[6] which has actually been found to constitute fundamental error concerned a critical and disputed jury issue in the case. Croft v. State, supra (omission of then-element of armed robbery that, if resisted, defendant have intent to kill or maim person assaulted); Gerds v. State, 64 So.2d 915 (Fla.1953) (omission of intent element of breaking and entering with intent to commit rape; “[f]or all that appears under this charge, the jury could have had for its sole determination the question of whether defendant broke and entered the dwelling house of the pros-ecutrix and nothing else.”); Anderson v. State, 276 So.2d 17 (Fla.1973) (failure to define premeditation in first degree murder case); Polk v. State, 179 So.2d 236 (Fla. 2d DCA 1965) (same); Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945) (omission from self-defense instruction of right to resist if defendant believed himself in imminent danger of harm, although, as the evidence in the case showed, no actual assault was made; error “goes to the essence and entirety of the defense.”); Whitehead v. State, supra (omission from definition of justifiable homicide of defense which “from appellant’s version of the tragedy ... was relevant to the exculpatory argument ... that he was lawfully attempting to ‘keep the peace’ ”); Bagley v. State, 119 So.2d 400 (Fla. 1st DCA 1960) (omission from justifia *545 ble homicide instruction of right to lawful defense of relative; defendant claimed she was acting in defense of son); Canada v. State, 139 So.2d 753 (Fla. 2d DCA 1962) (omission of intent to deprive element from cattle stealing instruction; “the defense ... was . .. that [the defendant] had no intention of stealing the cattle, but that his actions were the result of instructions received from the agent of the owner.. .”); Ingram v. State, 393 So.2d 1187 (Fla. 3d DCA 1981) (omission of disputed and basic element of receipt of value for check from instructions on felony charge of obtaining property through worthless check).
On the other hand, when it does not appear that the subject of the defective charge was an issue at the trial, our courts have repeatedly declined to reverse in the absence of timely objection. Paul v. State, 209 So.2d 464 (Fla. 3d DCA 1968) (failure to instruct jury “as to each and every element of the offense of grand larceny”); Simpkin v. State, 363 So.2d 45 (Fla. 3d DCA 1978) (omission of reference to or definition of dwelling in prosecution for burglary of dwelling; uncontroverted evidence that structure in question was in fact dwelling; “[n]o issue was raised on this point .. . ”); Waters v. State, 298 So.2d 208 (Fla. 2d DCA 1974) (omission from robbery instruction of intention to permanently deprive; evidence “is overwhelming that the robbers took the $80,000 with the intention of keeping it, and did in fact keep it.”); Hamilton v. State, 152 So.2d 793 (Fla. 2d DCA 1963), cert. denied, 156 So.2d 388 (Fla.1963) (failure to define excusable homicide, where evidence “did not bespeak a basic necessity requiring ... instruction”); see also, Bolen v. State, 375 So.2d 891 (Fla. 4th DCA 1979) (unnecessary to consider propriety of charge concerning essential element of crime; no more than harmless error involved because “there was no issue or contention whatever as to the subject matter of the challenged instruction”); Younghans v. State, 97 So.2d 31 (Fla. 3d DCA 1957) (same). An analysis of these cases reveals, we think, that the Florida rule is not, as Williams contends, that a failure to instruct on every element is fundamental error, but rather, as stated in Croft, supra, at 158 So. 455, that “a charge attempting to define the offense which does not cover material elements of the offense is necessarily misleading and prejudicial to the accused" [e. s.]; accord, Ingram v. State, supra, at 393 So.2d 1188. The “error” in question here obviously does not fall within this category.
While this distinction between material and immaterial omissions has not previously been articulated in this fashion in Florida, numerous cases from other jurisdictions have done just that. Many are collected in Annot., Comment Note — Duty in Instructing Jury in Criminal Prosecution to Explain and Define Offense Charged, 169 A.L.R. 315 (1947), where they are summarized as follows.
It appears to be generally, although not universally, established that an omission from the charge in a criminal case of a particular element of the offense or an erroneous instruction with respect thereto will not be regarded as reversible error[7] if from the pleadings and the evidence in the case it is clear that there was no issue between the parties with respect to such element.
In accordance with this principle, several courts presented with the identical issue involved here have squarely held, as we do, that the omission of the intent element from a robbery instruction is not fundamental error in the absence of a real dispute on that question. Thus, in State v. Evans, 109 Ariz. 491, 512 P.2d 1225 (1973), the defendant was convicted of assault with intent to commit robbery. The trial court, without *546 objection, did not state that a necessary element of the crime is an intent to permanently deprive the owner of his property. The court rejected a claim of fundamental error, stating:
When the evidence makes intent the battleground of the case, full and explicit instructions on the issue are required. State v. Spratt, 265 N.C. 524, 144 S.E.2d 569 (1965). On the other hand, when no evidence is offered to raise a direct issue as to intent, and the defendant does not contend or develop any issue that a taking was under a bona fide claim of right or was without any intent to steal, the failure to instruct the jury on the need for specific intent to steal is not reversible error.
512 P.2d at 1227. This point is well-illustrated by State v. Carter, 4 Wash.App. 103, 480 P.2d 794 (1971), in which four codefend-ants were convicted of robbery of a liquor store in a trial where the judge failed to advise the jury that proof of intent is an element of the crime. Three of the defendants won reversals of their convictions on appeal, since the gist of each of their defenses was that the holdup was an unplanned, spontaneous occurrence; each alleged in effect that they merely responded to the commands of one another. The court found that the element of intent was material to those defendants, and that the omission was therefore a “fatal defect.” However, the fourth codefendant’s conviction was affirmed, since
there was no evidence presented in [his] case which placed the element of intent in issue. There has been no showing that [he] was prejudiced by the failure to properly define the necessary element of intent...
480 P.2d at 800. Again, in People v. Dugas, 242 Cal.App.2d 244, 51 Cal.Rptr. 478 (1966), the court held that, while the omission
constitutes error in any case where the defendant’s intent to steal is not beyond question . . . where the evidence pertaining to the defendant’s conduct leaves no doubt whatever that he possessed the requisite state of mind, such error is not prejudicial.
51 Cal.Rptr. at 481. Accord, People v. Lundy, 2 Cal.App.3d 939, 82 Cal.Rptr. 815 (1969) (omission non-prejudicial since “[t]here never was any question but that the four men who entered the ... premises did so with the intent to commit robbery . .. [t]he only issue as to defendant was whether or not he was one of those four men.”); People v. Fanning, 265 Cal.App.2d 729, 71 Cal.Rptr. 641 (1968) (omission “obviously harmless . .. [since] [o]nce the jury had no reasonable doubt that [the defendant] was in the store and that he was aiding and abetting the robbery, it is inconceivable that it could have failed to find the necessary intent, even had it been correctly instructed.”); People v. Stone, 213 Cal.App.2d 260, 28 Cal.Rptr. 522 (1963) (omission of specific intent instruction not prejudicial where “no rational person” could infer from evidence presented that defendant did not intend to commit robbery); People v. Cowherd, 63 Ill.App.3d 229, 20 Ill.Dec. 344, 380 N.E.2d 21 (1978) (omission harmless error where absence of intent could not be seriously argued); see also, Thomas v. State, 391 P.2d 18 (Alaska 1964); Thomas v. State, 54 Ga.App. 747, 189 S.E. 68 (1936). In State v. McKeough, 300 A.2d 755, 759, 761 (Me.1973), the court summarized its holding— and ours — as follows:
We find that the strong disinclination which the courts have demonstrated toward setting aside convictions for trial errors which were not prejudicial to the Defendant extends to include failures to instruct specifically as to essential elements of crimes. Such failures to instruct have been measured by the same standards we ourselves have used when examining for manifest error — the presence or absence of serious prejudice.
* * * * * *
The defense was satisfied to submit the issue of guilt or innocence upon the explanations given by the Justice — until after the jury had returned a verdict of guilty.
While the jurors were not informed specifically that they must find that De *547 fendant had a larcenous intent, we see no reasonable possibility that a complete instruction on intent to deprive permanently would have resulted in a different verdict. We are satisfied beyond a reasonable doubt that the omission in the Justice’s charge was harmless error here.[8]
Since the appellant’s other points are likewise without merit,[9] the judgment under review is, for these reasons,
Affirmed.

. 394 So.2d 979 (Fla. 1981).

. In both Worthey v. State, 395 So.2d 1210 (Fla. 3d DCA 1981), and Smith v. State, 375 So.2d 864 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1202 (Fla.1980), although for different reasons, decisions of the present question were pretermitted. As we noted in Worthey, at note 2, however, Smith foreshadowed a rejection of the fundamental error contention which may also have been substantiated by the supreme court’s denial of certiorari in Smith after its decision in Bell. Our present decision confirms that indication.

. In Bell itself the omission of a charge on intent was raised below and was directly material to the issues in the case, since the trial judge (who was unfortunately the present writer) refused to permit evidence or argument concerning the defendant’s alleged intoxication on the ground that it was irrelevant to what was thought to be a non-specific intent crime. In both these respects, Bell is unlike the case at bar.

.If the appellant is correct that the error is a fundamental one, every conviction which followed the standard jury instruction is presumably subject either to reversal on direct appeal or being vacated in proceedings under Fla.R. Crim.P. 3.850.

. The issue before us is to be differentiated from a situation in which there is an absence of evidence to establish an element of a particular offense. Quite different questions concerning the necessity and manner of preserving that contention below are presented in such an instance. Compare, e. g., Negron v. State, 306 So.2d 104, 107-109 (Fla.1974) with, e. g., Finder v. State, 396 So.2d 272 (Fla. 3d DCA 1981).

. We distinguish, as inapplicable to the present situation, the cases which find fundamental error when the instructions completely fail to define or explain either the crime charged, Williams v. State, 366 So.2d 817 (Fla. 3d DCA 1979), cert. denied, 375 So.2d 912 (Fla.1979); see also, Ingram v. State, 393 So.2d 1187 (Fla. 3d DCA 1981), or the underlying felony in a felony murder case. State v. Jones, 377 So.2d 1163 (Fla.1979); Robles v. State, 188 So.2d 789 (Fla.1966); compare Vasil v. State, 374 So.2d 465 (Fla.1979), cert. denied, 446 U.S. 967, 100 S.Ct. 2945, 64 L.Ed.2d 826 (1980); Taylor v. State, 386 So.2d 825 (Fla. 3d DCA 1980) (no fundamental error in omitting intent element in defining robbery as underlying felony of felony murder charge). See generally, Annot., Instructions—Defining Offense, 169 A.L.R. 315 (1947), and compare 317-322 with 346-348.
Henderson v. State, 155 Fla. 487, 20 So.2d 649 (1945), is even more dissimilar. There, the trial court actually instructed the jury that certain elements of the crime had in fact been established by the prosecution and that it therefore need not consider them. See cases collected in Roe v. United States, 287 F.2d 435, 438 (5th Cir. 1961) (“... no fact, not even an undisputed fact, may be determined by the judge.”)

. In many of the cases cited, the question was actually preserved below, but was held to be harmless or non-prejudicial. See Bolen v. State, supra. While a harmless error obviously cannot be fundamental, so that these decisions support our conclusion in the present case, we do not now determine whether, if objected to, the omission of the intent element must always be deemed reversible error. We note that in Hodge v. State, 393 So.2d 1188 (Fla. 3d DCA 1981), which was reversed on this ground, the record, although not the opinion, reveals that the defendant’s “intent to deprive” was in genuine question at the trial.

. The following are examples of the application of the same principle in other contexts. United States v. Herzog, 632 F.2d 469 (5th Cir. 1980) (omission of essential element of defendant’s status as employee not “plain error” since status was “not only undisputed, but indisputable [F]ailure to submit ... this undisputed issue . .. could not possibly have resulted in prejudice to any of Herzog’s rights.”); Thomas v. State, 522 P.2d 528 (Alaska 1974) (failure to instruct on knowledge of nature of drug not reversible since not genuinely disputed at trial); People v. Chupich, 53 Ill.2d. 572, 295 N.E.2d 1 (1973) (same); People v. Litterio, 32 Ill.App.3d 255, 336 N.E.2d 190 (1975) (same); State v. Barr, 90 S.D. 9, 237 N.W.2d 888 (1976) (same); People v. Preston, 61 Ill.App.3d 434, 18 Ill.Dec. 908, 378 N.E.2d 372 (1978) (failure to instruct on element that use of illegal weapon not occur on one’s property not reversible because of uncontroverted evidence that shooting did not occur on defendant’s land); State v. Maxwell, 47 N.C.App. 658, 267 S.E.2d 582 (1980), appeal dismissed, 301 N.C. 102, 273 S.E.2d 307 (1980) (omission of element of willfullness in indecent liberties case harmless since evidence undisputed that defendant’s actions were purposeful and without justification and “the jury by finding that defendant committed the crime necessarily found that he acted willfully.”)

. We reject Williams’ contention that, because of an ambiguity in the instructions to which he also did not object, he should have been convicted only of the lesser offense of robbery with a weapon, instead of robbery with a deadly weapon. See Reddick v. State, 394 So.2d 417 (Fla.1981). It is clear, viewing the instructions and the verdict finding Williams guilty as charged in the information in the context of the issues presented by both sides below, that the judgment under review properly reflects the intent and finding of the jury. Cotton v. State, 395 So.2d 1287, 1290 (Fla. 1st DCA 1981); Simpkin v. State, supra; see also, Tucker v. State, 388 So.2d 6 (Fla. 3d DCA 1980), review denied, 392 So.2d 1380 (Fla.1981); McIntyre v. State, 380 So.2d 1064 (Fla. 2d DCA 1980).
The claim of error in the prosecutor’s final argument is also without substance. White v. State, 377 So.2d 1149 (Fla.1979), cert. denied, - U.S. -, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980); Robinson v. State, 400 So.2d 172 (Fla.1981).