SCHWARTZ, Judge.
Jackson was found guilty of false imprisonment and robbery. While we reject his only point which goes to both convictions, Peterson v. State, 382 So.2d 701 (Fla.1980); Wilson v. State, 304 So.2d 119 (Fla.1974), and therefore affirm as to false imprisonment, the robbery conviction must be reversed for a new trial.
The defendant’s primary defense to the robbery charge, supported by substantial evidence to that effect, was that he had no criminal intent to commit the offense, and acted through fear of a coperpetrator who was the dominant figure in the incident. Since the intent question was thus a real issue at the trial, and even though the omission was not objected to, the trial court committed fundamental error in failing to instruct the jury that intent to deprive is, as held in Bell v. State, 394 So.2d 979 (Fla.1981), indeed an element of the crime of robbery. Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981) (failure to instruct on intent fundamental error when issue material because of claim of voluntary intoxication); compare Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981) (no fundamental error when intent not in question); McMurtroy v. State, 400 So.2d 547 (Fla. 3d DCA 1981) (same, following Williams); Gibson v. State, 403 So.2d 1019 (Fla. 3d DCA 1981) (same, following Williams); Lee v. State, 407 So.2d 388 (Fla. 3d DCA 1981) (per curiam) (same, following Williams). State v. Carter, 4 Wash.App. 103, 480 P.2d 794 (1971) is squarely on point. In citing and approving that decision in Williams at 400 So.2d 546, we described it as a case
in which four codefendants were convicted of robbery of a liquor store in a trial where the judge failed to advise the jury that proof of intent is an element of the crime. Three of the defendants won reversals of their convictions on appeal, since the gist of each of their defenses was that the holdup was an unplanned, spontaneous occurrence; each alleged in effect that they merely responded to the commands of one another. The court found that the element of intent was material to those defendants, and that the omission was therefore a ‘fatal defect.’[1]
Affirmed in part, reversed in part.

. We went on to note that
the fourth codefendant’s conviction was affirmed, since
there was no evidence presented in [his] case which placed the element of intent in issue. There has been no showing that [he] was prejudiced by the failure to properly define the necessary element of intent. . . 480 P.2d at 800.