LINDSEY J. MOTLEY v. STATE OF FLORIDA

20 So. (2nd) 798                January Term, 1945
February 6, 1945                  Division A

*Whitaker Brothers,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Bourke Floyd,* Special Assistant Attorney General, for appellee.

ADAMS, J.:

This appeal is from a conviction of an assault with intent to commit murder in the second degree. The only question that merits a discussion is the sufficiency of the charge to the jury on the law of self defense.

Appellant went to see the victim of the shooting, one George O. Athorne, at the latter's home to talk to him about appellant's wife ceasing employment at the place where Athorne was manager. Nothing was said there except Athorne told appellant if he had business with him he could come to his office after 9 o'clock. Thereupon appellant proceeded to the office shortly after 9 o'clock.

According to appellant he was parked in front of Athorne's office and upon the latter's approach he started to speak to him but Athorne looked as if he was "mad enough to cut him in two" and he did not speak. Whereupon appellant took his pistol from his car and entered Athorne's office unannounced, but pursuant to the aforesaid appointment, and found Athorne opening some letters. Appellant opened the conversation by telling Athorne he wanted him to discharge his wife as it was breaking up his home. Thereupon Athorne arose and started toward appellant, swinging his hands in a threatening manner, saying, "You damned crazy war veteran, I will beat the hell out of you." Thereupon appellant said he backed up,

pulled the pistol from his pocket and fired to ward off the attack, but without intent to kill. He said he was infirm and no match for Athorne in physical combat.

The charge given on self defense reads: "Now, gentlemen, as I get it from the testimony, the defendant contends that he fired the shot in self defense, and I charge you that if you should find in this case that the defendant was assaulted by the witness, George Athorne, and that he used only such force as was necessary or as was reasonable—such force as a reasonable man would use under the circumstances to repel the assault, then he is justified in using such force as was necessary to repel the assault, even to the extent of taking human life. But I charge you, gentlemen, that if you find that the defendant in this case was the agressor and brought about the circumstances and conditions under which necessitated his firing the shot, or shots, then he can not justify himself upon the ground of self-defense. An aggressor—that is one which is not reasonably free from fault—cannot bring about a difficulty and then act under his own compulsion and justify his acts on the ground of self defense."

At the conclusion of the charge the court asked if there were further charges and appellant's attorney requested, "If the court please, I want to ask the court to instruct the jury the legal meaning of assault." To which the court replied, "Well, gentlemen, I suppose you gentlemen know what an assault is. It is a violation of a person's right. It is the violation of the rights of one person by another. If the defendant shot the man, then that is assault, whether it is justifiable or not. Assault, gentlemen, is an intentional act of one person to do injury to another. That is what assault is."

It is urged that the charge was erroneous and misleading in that it limited the right of self defense to a case where appellant was assaulted; that it deprived him of the right where there was belief of imminent danger of great body harm.

The contention is made by the state: First, that the facts did not warrant a charge on self defense. Second, the evi-

dence of guilt is overwhelming and the error, if any, was, harmless. Third, the charge is free of error.

The law is settled that a defendant is entitled to have the jury instructed on the law applicable to his theory of defense where there is evidence introduced in support thereof. In this case the only defense was self defense.

We will not dispose of this case under the harmless error statute. There is much at stake and the right of trial by jury, contemplates trial by due course of law. See Section 12, Declaration of Rights, Florida Constitution. For that reason, we will examine the propriety of the charge as applied to the facts of this case to see whether it correctly states the law of self defense. We have said that where the court attempts to define the crime, for which the accused is being tried, it is the duty of the court to define each and every element, and failure to do so, the charge is necessarily prejudicial to the accused and misleading. See Croft v. State, 117 Fla. 832, 158 So. 454. The same would necessarily be true when the same character of error is committed while charging on the law relative to the defense. We have not failed to consider the harmless error statute. However, the Crime Procedure Act, Sec. 920.05, F.S. '41, directs the granting of a new trial, where the jury has been misdirected on the law. This is not a case where the court failed or neglected to charge on some phase of the evidence which placed the burden on the defendant to request a more complete charge. This goes to the essence and entirety of the defense. The law can be stated in no better fashion than in the language of the statute, Sec. 782.02, F.S. '41:

"Homicide is justifiable . . . when there shall be a reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished; . . ." The given charge wholly ignored that part of the statute relative to imminent danger of great personal injury.

We have said before in Garner v. State, 28 Fla. 113, 9 So. 835:

"In charging upon the right of self-defense the court should so instruct the jury as to preserve to the accused the

benefit of a reasonable fear of great bodily harm as well as of death from the deceased."

When the court limited the law of self defense to a case where there was an assault being made on the accused and made no reference to the appropriate part of the statute, the accused was deprived of a lawful trial. Thereafter when the court defined an assault at the request of counsel, perhaps the error was not cured as the definition left the erroneous impression that an assault was committed merely by the breach of a person's right. See 6 C. J. S. Sec. 1, page 796,:

"An assault is any unlawful offer or attempt to injure another with apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril."

For the reason stated, the judgment is reversed for a new trial.

Reversed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.