ERVIN, Justice
(dissenting) :
We were petitioned to review the decision of the District Court of Appeal, Third District, in 185 So.2d 726. The defendant (Petitioner here) was charged with, and found guilty by a jury of the crime of simple robbery. He was sentenced to serve a term of fifteen years. In affirming the trial court, the District Court stated the Petitioner used a gun in the robbery. It added:
“The appellant contends that the trial court committed reversible error in refusing to charge the jury on the lesser included offense. We do not agree. The information charging the appellant with the crime of robbery did not allege use of a deadly weapon. Thus, the trial court was not required to instruct the jury on aggravated assault. See: Lindsey v. State, 53 Fla. 56, 43 So. 87; Allison v. State, Fla.App.1964, 162 So.2d 922.”
I think the District Court’s affirmance of the conviction conflicts with Goswick v. State, Fla.1962, 143 So.2d 817. There it was said:
“ * * * When a trial judge undertakes to define an offense for the conviction of which an accused might be sent to jail, it is the duty of the judge to instruct the jury on the law of the case and to cover each essential element of the offense charged. This responsibility includes the duty to advise the jury regarding lesser included offenses which the record will support. When the failure to do so is brought to the attention of the trial judge, as was done here, it is error to refuse the charge. When the record indicates that an acctised may properly be found guilty of a lesser offense than the one charged and when importuned to do so, the fudge refuses to advise the fury that it may bring a verdict for the lesser offense, such refusal is equivalent to informing the jury that the only offense subject to its consideration is the more seriotis charge. To this extent the defendant would be deprived of the opportunity to have the jury consider the less serious offense. Croft v. State, 117 Fla. 832, 158 So. 454; Motley v. State, 155 Fla. 545, 20 So.2d 798. Denial of such a privilege can hardly be classed as harmless.” (143 So.2d at 819) (emphasis supplied)
The conflict is quite apparent in that the District Court assumes that whether a trial court gives an instruction on a lesser offense depends upon the allegations of the information or the indictment rather than *300 upon lesser offenses the record of the trial evidence supports. The District Court overlooked the rationale of Goswick that a lesser offense may be involved in a criminal case as a defense, irrespective of whether it comes within the charge alleged in the information and that fundamental trial fairness may require the giving of a requested instruction concerning a lesser offense which is supported by the record, though it may not be indicated in the information or indictment. Having found conflict in the language of the opinions of the cited cases, I find the conflict is substantiated by the record of the trial.
The defendant, using a gun, along with another man held up the bartender and several patrons at a bar. The defendant testified he had consumed “a tremendous amount” of beer, whiskey and wine the evening of the hold-up, and had no recollection of having committed the hold-up due to his being intoxicated. The trial judge instructed the jury on the defense of voluntary intoxication and stated it was a complete defense to the crime of robbery. See Garner v. State, 28 Fla. 113, 9 So. 835. Two Wharton’s Criminal Law and Procedure, § 548, p. 249 (Anderson 1957). However, the trial judge refused to instruct the jury on the lesser included offense of aggravated assault and the defendant specifically objected to the failure to give such instruction.
The facts of the case as outlined above not only support the charge of simple robbery, but also the lesser offense of- aggravated assault, which is defined by § 784.04, as follows:
“784.04 Aggravated assault. Whoever assaults another with a deadly weapon, without intent to kill, shall be guilty of an aggravated assault, and shall be punished by imprisonment in the state prison not exceeding five years or in the county jail not exceeding one year or by fine not exceeding three thousand dollars, or by both such fine and imprisonment.”
Thus the defendant produced evidence that he was not guilty of simple robbery because he was so highly intoxicated he was incapable of forming an intent to rob. He also maintained by his evidence that he only committed aggravated assault with a gun in the bar. In this posture, the trial judge having given the instruction relative to the defense of intoxication, should have been consistent and also given the instruction concerning the lesser offense of aggravated assault.
A lesser include offense means an offense supported by the record of the trial, not necessarily one contemplated by the information or indictment. The holdings in appellate cases such as Brown v. State (Fla.App.1966), 191 So.2d 296, should be modified to admit of special situations of the kind here appearing.