478 So.2d 403 (1985)
Scott Alan SNOOK, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1193.
District Court of Appeal of Florida, Third District.
November 5, 1985.
*404 Bennett H. Brummer, Public Defender, and Joel D. Robrish, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Renee E. Ruska, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
The defendant Scott Alan Snook appeals his convictions and sentences for first degree murder, robbery, and armed burglary and raises five points on appeal. We find no merit in these points and affirm.
First, the defendant contends that the trial court committed reversible error in not allowing one of the defendant's witnesses to testify on the issue of the defendant's insanity at the time of the offense. We cannot agree because the error, if any, in this ruling was rendered entirely harmless when the witness was allowed to testify, consistent with his knowledge and experience with drug-abusing patients, that the defendant was suffering from LSD-induced toxic psychosis at the time of the offense, that persons suffering from such psychosis cannot perceive reality nor can they control themselves, that the LSD ingested by the defendant deprived him of his ability to distinguish right from wrong, and that the defendant did not premeditate the victim's death in this case. See McLemore v. Alabama Power Co., 289 Ala. 643, 270 So.2d 657, 661 (1972) (even if error to exclude testimony, error is, at most, harmless where facts were established by other evidence); Delano Hotel, Inc. v. Gold, 126 So.2d 301, 302 (Fla. 3d DCA 1961); see generally Rance v. Hutchinson, 131 Fla. 460, 179 So. 777, 780 (1938); Corbett v. Seaboard Coast Line Railroad, 375 So.2d 34, 39 (Fla. 3d DCA 1979) (exclusion of evidence harmless where it did not result in miscarriage of justice), cert. denied, 383 So.2d 1202 (Fla. 1980).
Second, the defendant contends that the trial court erred in denying the defendant's post-trial motion for an evidentiary hearing based on a juror's affidavit of alleged misconduct. We cannot agree because the defendant had knowledge of the claimed misconduct prior to the rendition of *405 the verdict but failed to bring the matter to the trial court's attention. He cannot now complain when, as here, the verdict rendered was unfavorable to him. See United States v. Breit, 712 F.2d 81, 83 (4th Cir.1983); Gray v. Hutto, 648 F.2d 210, 212 (4th Cir.1981); see also United States v. Curry, 471 F.2d 419, 422 (5th Cir.), cert. denied, 411 U.S. 967, 93 S.Ct. 2150, 36 L.Ed.2d 688 (1973).
Third, the defendant contends that the trial court erred in denying the defendant's motion to suppress his statements to the police on the grounds they were involuntarily obtained. We cannot agree. There was sufficient, competent evidence in the record  albeit in conflict with other evidence adduced  to support the trial court's finding that the statements were freely and voluntarily given. See Stone v. State, 378 So.2d 765, 769-70 (Fla. 1979) (trial judge's determination that confession was freely and voluntarily made comes with presumption of correctness), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980); accord Montgomery v. State, 435 So.2d 968, (Fla. 3d DCA 1983); see also McNamara v. State, 357 So.2d 410, 412 (Fla. 1978) (trial court's ruling on motion to suppress comes clothed with presumption of correctness).
Fourth, the defendant contends that the trial court erred in denying the defendant's motion for a new trial on grounds that the evidence presented below was insufficient to support the verdicts rendered. We cannot agree. There was sufficient, competent evidence in the record  albeit in conflict with other evidence adduced  to support the jury's verdicts in this case. See Hopkins v. City of Tallahassee, 105 So.2d 770, 771 (Fla. 1958); Saucer v. City of West Palm Beach, 155 Fla. 659, 669, 21 So.2d 452, 458 (1945).
Finally, we are unpersuaded that it was fundamental error for the trial court, without objection, to instruct the jury on the defense of insanity in accord with 3.04(b) of the Florida Standard Jury Instructions in criminal cases. Although the above standard jury instruction has since been disapproved by the Florida Supreme Court as impermissibly placing the burden of proof on the defendant as to the insanity defense, Yohn v. State, 476 So.2d 123 (Fla. 1985), it is well-settled that it is not a denial of due process to place the burden of proving this defense on the defendant in a criminal case, see Hankerson v. North Carolina, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977); Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed.2d 1302 (1952). This being so, we conclude that the error complained of was not fundamental because it did not go to the foundation of the case or the merits of the cause of action. See Ray v. State, 403 So.2d 956, 960 (Fla. 1981).
The final judgments of convictions and sentences under review are, in all respects,
Affirmed.