SCHWARTZ, Chief Judge.
After a jury trial at which his sole defense was insanity, the appellant Smith was convicted of the second degree murder of his wife. His first point on appeal claims that he was entitled to a directed verdict of not guilty by reason of insanity. We find, however, that while Smith presented substantial expert and lay evidence in support of his defense, there was ample contrary testimony of both types that the defendant was in fact sane when the crime was committed. We cannot interfere with the jury’s resolution of the factual dispute. Byrd v. State, 297 So.2d 22 (Fla.1974); Eason v. State, 421 So.2d 35 (Fla. 3d DCA 1982).
Although he recognizes that, in Snook v. State, 478 So.2d 403 (Fla. 3d DCA 1985), this court decided the issue contrary to his position, Smith next argues that the trial court’s giving the then-standard jury instruction concerning the burden of proof as to the insanity defense, which was subsequently held reversibly erroneous by Yohn v. State, 476 So.2d 123 (Fla.1985), was fundamental error which requires a new trial even though there was no objection advanced below. This panel is bound by Snook, see In re Rule 9.331, 416 So.2d 1127, 1128 (Fla.1982), and we therefore reject this contention on the authority of that decision.
Nevertheless, we are concerned that Snook may run counter to several Florida decisions that indicate that instructions which mislead the jury as to the controlling law, particularly upon a close and vital issue such as this one, do indeed involve fundamental error. See, e.g., Doyle v. State, 483 So.2d 89, 90 (Fla. 4th DCA 1986) (“The instruction was, or certainly could have been, misleading to the jury by suggesting that if they believed the defendant’s version of self-defense, they would have to find the defendant guilty of murder in the third degree. The giving of a misleading instruction constitutes both fundamental and reversible error.”); Carter v. State, 469 So.2d 194, 195-96 (Fla. 2d DCA 1985) (“We further recognize the fact that counsel made no objection to these instructions as given by the court. However, where, as here, a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of that instruction is to negate the defendant’s only defense, it is fundamental error and highly prejudicial to the defendant. Failure to give a complete and accurate instruction is fundamental error, reviewable in the complete absence of a request or objection.”); see also Butler v. State, 493 So.2d 451 (Fla.1986).[1] On the *912 other hand, we are aware also of the far-reaching possible consequences of a holding contrary to Snook, which, if applied retroactively, might expose to attack under Florida Rule of Criminal Procedure 3.850 every one of the countless previously final convictions in which the standard insanity charge had been granted at trial. In these circumstances, we deem it appropriate that this issue be resolved by the Supreme Court itself. Accordingly, we certify that this ease involves the following question of great public importance:
Whether the jury instruction on insanity disapproved in Yohn v. State, 476 So.2d 123 (Fla.1985), is fundamental error requiring reversal in the absence of objection?
The other points raised are without merit.
Affirmed; question certified.

. The rationale of Snook — that no fundamental error is involved because states may, consistent with federal due process, impose an affirmative burden of proof as to insanity upon the defendant — may not be persuasive in the light of the Yohn holding that the charge is contrary to the established Florida law on the subject. Indeed, the Snook holding may also be called into question by the line of United States Supreme Court decisions that a jury charge which impermissi-bly shifts the burden of proof from the prosecution rises to the level of a due process violation. See Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); Francis v. *912 Franklin, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).