499 So.2d 11 (1986)
STATE of Florida, Appellant,
v.
James LANCIA, Appellee.
No. 86-446.
District Court of Appeal of Florida, Fifth District.
December 4, 1986.
Rehearing Denied December 30, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
Stuart I. Hyman, of NeJame & Hyman, P.A., Orlando, for appellee.
SHARP, Judge.
The State of Florida appeals the trial court's order which granted Lancia a new trial pursuant to his motion for post-conviction relief,[1] after he had been convicted and sentenced for robbery with a firearm. The basis for the new trial award was that the jury instruction given at trial in support of Lancia's insanity defense failed to correctly instruct the jury that the state had the burden of proof of sanity.[2] We reverse because the error was not preserved at trial, and because we do not think the erroneous jury instruction constitutes fundamental error.
At trial, Lancia relied upon insanity as a defense, and conflicting expert witnesses testified on this issue. The defense counsel proposed the following jury instruction, which the trial judge refused:
In order for there to be a reasonable doubt about his sanity, it is not necessary to show that [Lancia] was generally incapacitated.
That instruction is silent concerning the burden of proof of sanity.
Further, at trial the court gave the standard Florida jury instructions on the insanity defense, which clearly apprised the jury that Lancia's insanity at the time he committed the crime was a basis upon which to find him not guilty. Although this instruction failed to place the burden of proof of the defendant's sanity on the state, as required by Yohn, nevertheless, defense counsel failed to object to the instructions at trial.
*12 This error must be preserved by objection at trial or by requesting a proper instruction in order for an appellate court to afford relief. Roman v. State, 475 So.2d 1228 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986). Not only did Lancia fail to preserve the error at trial, but also this ground was apparently not raised in his direct appeal to this court, which affirmed his conviction without a published opinion.[3] Matters which could have been raised on direct appeal cannot be considered on a 3.850 motion. Middleton v. State 465 So.2d 1218 (Fla. 1985).
Further, we agree with our sister court that it is not fundamental error for a trial court to instruct a jury on the defense of insanity in accordance with the Florida Standard Jury Instruction 3.04(b). Snook v. State, 478 So.2d 403 (Fla. 3rd DCA 1985), cause dismissed, 487 So.2d 297 (Fla. 1986).[4] Different jurisdictions handle this defense in different ways, and whether the state or the defendant has the ultimate burden of proof on this issue, does not in either case make the trial fundamentally unfair.[5]
Accordingly, we reverse the order for new trial and we reinstate Lancia's conviction and sentence.
REVERSED.
UPCHURCH, C.J., and COBB, J., concur.
NOTES
[1] Fla.R.Crim.P. 3.850
[2] See Yohn v. State, 476 So.2d 123 (Fla. 1985).
[3] Lancia v. State, 451 So.2d 865 (Fla. 5th DCA 1984).
[4] See also United States v. Amos, 803 F.2d 419 (8th Cir.Mo. 1986).
[5] Snook v. State, 478 So.2d 403, 405 (Fla. 3rd DCA 1985), cause dismissed, 487 So.2d 297 (Fla. 1986).