521 So.2d 106 (1988)
Harold SMITH, Petitioner,
v.
STATE of Florida, Respondent.
STATE of Florida, Petitioner,
v.
Paul Clair LENTZ, Respondent.
Nos. 69715, 69838.
Supreme Court of Florida.
January 21, 1988.
Rehearings Denied March 30, 1988.
*107 Sharon B. Jacobs of Sharon B. Jacobs, P.A., Miami, for Harold Smith.
Robert A. Butterworth, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., Tallahassee, and Steven T. Scott, Asst. Atty. Gen., Miami, for State of Florida.
Michael E. Allen, Public Defender and Glenna Joyce Reeves, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for Paul Clair Lentz.
GRIMES, Justice.
These cases which involve the same issue are consolidated for our consideration. The First District Court of Appeal in Lentz v. State, 498 So.2d 986 (Fla. 1st DCA 1986), certified its decision to be in direct conflict with Snook v. State, 478 So.2d 403 (Fla. 3d DCA 1985). In Smith v. State, 497 So.2d 910 (Fla. 3d DCA 1986), the Third District Court of Appeal ruled consistent with its prior decision in Snook v. State and certified that the case involved the following question of great public importance:
WHETHER THE JURY INSTRUCTION ON INSANITY DISAPPROVED IN YOHN v. STATE, 476 So.2d 123 (Fla. 1985), IS FUNDAMENTAL ERROR REQUIRING REVERSAL IN THE ABSENCE OF OBJECTION?
497 So.2d at 912. We have jurisdiction under article V, section 3(b)(3) and (4) of the Florida Constitution.
In Wheeler v. State, 344 So.2d 244 (Fla. 1977), this Court held that the standard jury instruction on insanity, which had been recently adopted by the Court, correctly stated the law of Florida and further directed that it should be utilized in all trials held thereafter. Several years later in Yohn v. State, 476 So.2d 123 (Fla. 1985), this Court addressed a case in which the court gave the standard jury instruction on insanity but declined to give the specific insanity instructions requested by defendant. This Court reversed the conviction, holding that the defendant's requested instructions more properly set forth Florida law with respect to the burden of proof in insanity cases as the standard jury instructions did not "completely and accurately state that law."[*]
In both of the cases before us the defendant presented evidence concerning the defense of insanity at the time of the offense, and the court gave the standard jury instruction on insanity. However, neither defendant objected to the standard jury instruction nor requested a special instruction on the subject. The court in Smith ruled that the claim could not be raised on appeal because of the absence of an objection, while the Lentz court held that the giving of the faulty instruction was fundamental error and, therefore, could be raised on appeal.
This Court has already addressed this question in Roman v. State, 475 So.2d 1228 (Fla. 1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986), in which we stated:
As appellant's last point relating to the guilt phase, he contends that the trial court erred in failing to instruct the jury that the state had the burden of proving beyond a reasonable doubt that appellant was legally sane at the time of the commission of the offense. Appellant did not preserve this point, as he did not request the trial court to give this instruction. We find no error.
Roman, 475 So.2d at 1234. An examination of the record of that case reflects that the instruction given was the standard jury instruction on insanity and that Roman argued fundamental error in his appeal. As a consequence of Roman, the First District Court of Appeal has now receded from Lentz. Hill v. State, 511 So.2d 567 (Fla. 1st DCA 1987).
There was no constitutional infirmity in the old standard jury instruction because there is no denial of due process to place the burden of proof of insanity on the defendant. Leland v. Oregon, 343 U.S. 790, *108 72 S.Ct. 1002, 96 L.Ed. 1302 (1952). The basis for the decision in Yohn was that under Florida law where there is evidence of insanity sufficient to present a reasonable doubt of sanity in the minds of the jurors, the presumption of sanity vanishes and the state must prove beyond a reasonable doubt that the defendant was sane. Holmes v. State, 374 So.2d 944 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980). The Court in Yohn felt that the standard jury instruction was not sufficiently clear on this subject. Since the defendant had requested an instruction which more adequately set forth Florida law, Yohn's conviction was reversed. There was no reference in Yohn to fundamental error in the giving of the standard jury instruction.
The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application. Ray v. State, 403 So.2d 956 (Fla. 1981). While we do not recede from our view in Yohn concerning the inadequacy of the old standard jury instruction on insanity, we cannot say that it was so flawed as to deprive defendants claiming the defense of insanity of a fair trial. Despite any shortcomings, the standard jury instructions, as a whole, made it quite clear that the burden of proof was on the state to prove all the elements of the crime beyond a reasonable doubt. As noted in State v. Lancia, 499 So.2d 11 (Fla. 5th DCA 1986), in which the court rejected a claim for post-conviction relief where the old standard jury instruction on insanity had been given without objection:
Different jurisdictions handle this defense in different ways, and whether the state or the defendant has the ultimate burden of proof on this issue, does not in either case make the trial fundamentally unfair.
Lancia, 499 So.2d at 12 (footnote omitted).
We approve the decision in Smith v. State and answer the certified question in the negative. We disapprove that portion of the opinion in Lentz v. State which holds that it was fundamental error to give the standard jury instruction on insanity, quash the decision of that court, and remand for further proceedings.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and KOGAN, JJ., concur.
BARKETT, J., dissents with an opinion.
BARKETT, Justice, dissenting.
The sole issue in this case was whether the state proved sanity beyond a reasonable doubt, as required by our law for almost a hundred years, Hodge v. State, 26 Fla. 11, 7 So. 593 (1890), since petitioner unquestionably introduced enough evidence on the question of sanity to shift the burden to the state. On this crucial question of the burden of proof, the instruction given to this jury was utterly silent.
In Yohn v. State, 476 So.2d 123 (Fla. 1985), we held that the jury instruction identical to that given in the present case violated Florida law because it
stops after instructing the jury on the presumption of sanity and the requirement that the elements of insanity be shown sufficiently to raise a reasonable doubt as to the defendant's sanity. The instruction frames the issue as one of finding the defendant legally insane. This places the burden of proof on the defendant's shoulders since it will always be the defendant who will be showing his or her insanity. The jury is never told that the state must prove anything in regard to the sanity issue. This is not the law in Florida.

Id. at 128 (emphasis supplied). This Court also quoted with approval, id. at 127, Judge Anstead's comments on this question:
The bottom line is that this instruction says nothing about the burden of proof, a burden critically important to every defendant since in many cases the only "defense" available to a defendant is the contention that the state has not carried its heavy burden of proof.
*109 Reese v. State, 452 So.2d 1079, 1081 (Fla. 4th DCA 1984) (Anstead, J., dissenting), quashed, 476 So.2d 129 (Fla. 1985).
In light of Yohn's holding, I do not see how the failure to object below now bars this petitioner from raising the issue on appeal. Yohn plainly held that the instructions used here placed the burden of proof on the wrong party, the defendant. Thus, the jury was misled on a critical and disputed issue. If the jury measured the defendant's defense by the wrong standard, he was denied a fair trial in the most fundamental sense.
Indeed, our courts have recognized this principle over and over in cases where the trial court failed to adequately instruct the jury on analogous affirmative defenses. Walsingham v. State, 250 So.2d 857 (Fla. 1971) (failure to instruct on affirmative defense to crime of unlawful abortion); Motley v. State, 155 Fla. 545, 20 So.2d 798, 800 (1945) (incorrect charge on the law of self defense); Rodriguez v. State, 396 So.2d 798, 800 (Fla. 3d DCA 1981) (failure to instruct on defense of justifiable homicide when counsel failed to object at trial); Bagley v. State, 119 So.2d 400, 403 (Fla. 1st DCA 1960) (failure to instruct on defense of justifiable homicide when counsel failed to object at trial).
In Croft v. State, 117 Fla. 832, 836, 158 So. 454 (1935), we also stated that the failure adequately to apprise the jury of every element of a crime
is equivalent to directing the jury that it is not necessary for the State to prove any elements of the offense except those included in the definition given by the court.
Accord Walsingham. By its holding today, the majority likewise excuses the state in this case from proving beyond a reasonable doubt the sanity of the accused, effectively and erroneously transferring to the defense the burden of proof. The majority reaches this conclusion despite the fact that it is well settled in Florida that a defendant is entitled to an accurate instruction on the law applicable to his theory of defense. Motley, 155 Fla. at 548, 20 So.2d at 800.
I therefore conclude that failure to give an instruction on the burden of proof, like failure to instruct on reasonable doubt, constitutes such an essential part of a criminal trial that at the very least it warrants a harmless error analysis. See id.
Moreover, I am not persuaded that reliance on Roman v. State, 475 So.2d 1228, 1234 (Fla. 1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986), is appropriate. An error in defining such an essential part of the criminal process should not be dismissed based on one conclusory sentence containing no analysis or discussion. Moreover, Roman frankly may or may not have considered the issue adequately, concerned as it was with a multi-issue death appeal involving so many other important questions.
The majority's discussion of Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), is unpersuasive, since that decision merely established minimum federal standards for the burden of proof in an insanity defense. The case before us does not involve a challenge under federal law, but a challenge under Florida law. The question therefore is not whether the state can choose to place the burden of proof on a defendant, but whether the law of Florida does in fact do so.
Similarly, I cannot agree with the majority's reliance on Ray v. State, 403 So.2d 956 (Fla. 1981). In Ray, the issue was whether a defendant may be convicted of a lesser offense for which he was not charged when, without objection, that offense was submitted incorrectly to the jury as a lesser included offense. Id. at 958. The defense attorney in Ray clearly acquiesced to the improper instruction during the charge conference, and may have had a role in requesting it. Id. As is evident, Ray did not deal with an instruction that improperly placed the burden of proof on the defense, thereby effectively excusing the state from proving anything at all. Indeed, in Ray the state still had to prove beyond a reasonable doubt that the defendant had committed the crime.
NOTES
[*] The standard jury instruction on insanity has now been modified to conform to Yohn. Florida Standard Jury Instructions in Criminal Cases, 3.04(b).