WIGGINTON, Judge.
James Dawson appeals his judgment of conviction and sentence for aggravated battery with a firearm. As his sole point raised on appeal, Dawson argues that fundamental error occurred when the trial court omitted from its self-defense instruction the element of “use of deadly force in defense of others.” Based on the circumstances of this case, including the evidence presented at the trial, statements made by defense counsel in his opening and closing arguments to the jury, and the jury’s question propounded to the trial court as to whether “the defense of self include[s] a defense of family,” we agree with Dawson’s contentions and reverse and remand for a new trial.
The settled law in this matter is that a defendant “is entitled to have the Jury instructed on the law applicable to his theory of defense where there is evidence introduced in support thereof.” Bagley v. State, 119 So.2d 400, 403 (Fla. 1st DCA 1960). In the instant case, the jury posed the following question to the trial court:
Does the defense of self include a defense of family?
After conferring with counsel, the court referred the jury back to the previously submitted instruction on self-defense which did not include an instruction on use of *925 force in defense of others.[1] The court stated:
The court has given you the complete law applicable to the justifiable use of deadly force as it applies to this case ... and would refer you back to those written instructions.
Although neither Dawson nor his defense counsel requested a specific charge on defense of others, and no objection was made to the charge as given, we hold that the trial court’s failure to give the complete charge on justifiable use of a deadly weapon as substantiated by the evidence presented, amounted to fundamental error in this case. That error went to “the essence and entirety of the defense,” Bagley, id., and was exacerbated when the court failed to cure the original error in its response to the specific jury inquiry on that point. Certainly, “the manner in which this issue was developed at trial clearly brought the error to the attention of the trial judge” and afforded him an opportunity to correct it. Steele v. State, 561 So.2d 638, 645 (Fla. 1st DCA 1990). See also Whitehead v. State, 245 So.2d 94 (Fla. 2d DCA 1971); Canada v. State, 139 So.2d 753 (Fla. 2d DCA 1962). As noted earlier, defense counsel in his opening and closing remarks specifically alluded to Dawson’s attempt to defend his family, and those remarks were founded in the evidence presented.
As the Florida Supreme Court observed in Croft v. State, 117 Fla. 832, 158 So. 454, 455 (1935), in speaking on this rule:
Where the trial court attempts to define the offense, for the commission of which an accused is being tried, it is the duty of the court to instruct the jury as to each and every essential element of the offense charged, and a charge attempting to define the offense which does not cover material elements of the offense is necessarily misleading and prejudicial to the accused. It is equivalent to directing the jury that it is not necessary for the state to prove any elements of the offense except those included in the definition given by the court.
The court later held that “[t]he same would necessarily be true when the same character of error is committed while charging on the law relative to the defense.” Motley v. State, 155 Fla. 545, 20 So.2d 798, 800 (1945). Similarly, the manner in which the trial court here responded to the jury’s question represented that the instructions as given were complete, thereby effectively directing the jury that it need not consider the possibility of Dawson’s using deadly force to protect his family, despite evidence suggesting that defense.
Consequently, based on the foregoing, the trial court fundamentally erred when it omitted the element of “defense of others” in the self-defense instruction. We therefore reverse Dawson’s conviction for aggravated battery with a firearm and remand this cause for a new trial.
SMITH and MINER, JJ., concur.

. At the close of trial, extensive instructions were read to the jury. The self-defense instruction on justifiable use of deadly force was read to the jury in relevant part as follows:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which James Dawson is charged if the injuries to Roosevelt Watson resulted from the justifiable use of force likely to cause death or great bodily harm.
The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself, while resisting any attempt to commit burglary of a dwelling upon a dwelling house occupied by him.
In comparison, section 776.012, Florida Statutes, provides that one is justified in the use of deadly force only "if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another or prevent the imminent commission of a forcible felony” [emphasis added].