972 So.2d 233 (2007)
Allen PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1824.
District Court of Appeal of Florida, Fourth District.
December 19, 2007.
Rehearing Denied February 5, 2008.
*234 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
EMAS, KEVIN M., Associate Judge.
In this case, we consider whether an erroneous but agreed-upon jury instruction on an affirmative defense constitutes fundamental error. Under the totality of the circumstances of this case, we find no fundamental error and affirm.
Broward County Sheriff Deputy Washecka was in uniform and on patrol in the late evening hours when she encountered Allen Phillips riding a bicycle without a headlight. Deputy Washecka stopped Phillips for this violation and called in Phillips' name to dispatch to determine whether Phillips had any outstanding warrants. Washecka received preliminary information indicating that Phillips had an outstanding warrant. Phillips grew increasingly fidgety and nervous, and Deputy Washecka became so concerned that she decided to handcuff Phillips while awaiting further confirmation of Phillips' warrant status. As Washecka attempted to handcuff Phillips, he pulled away from her, grabbing Washecka's leg above the ankle and causing her to fall. Phillips then hit Deputy Washecka in the face and fled the scene. Washecka issued a BOLO with Phillips' description and a K-9 unit arrived to help locate and apprehend Phillips.
Police soon determined Phillips' location, and uniformed K-9 Deputies James and Olarte responded to a house where Phillips was hiding. James and Olarte went inside the house with the police dog. At some point during the encounter in the house, the police dog was released to subdue Phillips. Deputies James and Olarte attempted to restrain and arrest Phillips, who was flailing, kicking, resisting and otherwise attempting to get away from the deputies and the dog. During this struggle, an additional deputy arrived (Deputy Maio) and entered the house to assist in Phillips' capture. At different points in the struggle, Phillips bit Deputies James and Maio. Deputy Washecka remained outside the house during the entire episode.
Phillips was charged by information with ten counts: four counts of battery on a law enforcement officer; four counts of felony battery; and two counts of resisting an officer with violence. Following trial, Phillips was convicted of one count each of battery on a law enforcement officer, felony battery, and resisting an officer with violence (each of those counts involving the same victim, Deputy Washecka). The jury acquitted Phillips of one count of battery on a law enforcement officer and one count of resisting an officer with violence (involving *235 the same alleged victim, Deputy Maio); and deadlocked on the five remaining counts (involving alleged victims Deputies James and Olarte).[1] Phillips has raised four issues on appeal, only one of which merits discussion.
At trial, Phillips relied upon the affirmative defense of duress or necessity. Phillips attempted to establish that his actions toward the deputy inside the house were necessitated by the police releasing the dog that attacked and bit him, forcing him to protect himself. Phillips argued that anything he might have done to Deputies Maio, James and Olarte was simply an effort to get away from the unwarranted assault of the police dog.
The State and defense agreed upon the following jury instruction, which was read to the jury. A written set of the entire instructions was provided to the jury during its deliberations:
3.6(k) Duress or Necessity
An issue in this case is whether Allen Phillips acted out of duress/necessity in committing the crimes of Battery on a Law Enforcement Officer/Battery, Resisting With Violence/Resisting Without Violence, or Battery.
It is a defense to the crimes of Battery on a Law Enforcement Officer/Battery, Resisting With Violence/Resisting Without Violence, or Battery, if the defendant acted out of duress/necessity. In order to find the defendant committed the crimes of Battery on a Law Enforcement Officer/Battery, Resisting With Violence/Resisting Without Violence, or Battery out of duress/necessity, you must find the following six elements:
1.. . . .
2.. . . .
3.. . . .
4.. . . .
5.. . . .
6.. . . .
. . . .
If you find from the evidence that the defendant committed the Battery on a Law Enforcement Officer/Battery, Resisting With Violence/Resisting Without Violence, and Battery out of duress/necessity, you should find the defendant not guilty.
However, if you find that the defendant committed the Battery on a Law Enforcement Officer/Battery, Resisting With Violence/Resisting Without Violence, and Battery out of duress/necessity[,] you should find the defendant guilty if all the elements of the charge have been proved. (emphasis added).[2]
Phillips acknowledges that he agreed to the wording of the instruction above and failed to object or otherwise preserve this issue. He contends, however, that the erroneous instruction constitutes fundamental error and warrants a new trial. We disagree.
Jury instructions are subject to the contemporaneous objection rule, see Fla. R.Crim. P. 3.390(d), and in the absence of a contemporaneous objection at trial, relief regarding an error in an instruction *236 will be granted only if the appellate court determines the error is fundamental. Archer v. State, 673 So.2d 17 (Fla.1996). To be considered fundamental, "`the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). The concept of fundamental error is rooted in notions of due process, Sochor v. State, 619 So.2d 285 (Fla.1993), and appellate courts have been cautioned to exercise "`very guardedly'" their discretion concerning fundamental error, and to apply the doctrine only in rare cases. Ray v. State, 403 So.2d 956, 960 (Fla.1981) (quoting Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970)); Smith v. State, 521 So.2d 106 (Fla.1988). Where, as in the present case, the alleged error relates to a flawed affirmative defense instruction, the error will be considered fundamental only if the instruction was so flawed that it denied the defendant asserting the affirmative defense a fair trial. See Holiday v. State, 753 So.2d 1264, 1269 (Fla.2000) (quoting Smith, 521 So.2d at 107-08).
Whether an erroneous jury instruction constitutes fundamental error cannot be made in a vacuum; it must be based upon the totality of the circumstances of each individual case. As this court has previously stated: "[T]he determination of whether fundamental error occurred requires that the . . . instructions be examined in the context of the other jury instructions, the attorneys' arguments, and the evidence in the case. . . ." Garzon v. State, 939 So.2d 278, 283 (Fla. 4th DCA 2006), review granted, 956 So.2d 455 (Fla. 2007); see also Martinez v. State, 933 So.2d 1155 (Fla. 3d DCA 2006), review granted, 959 So.2d 717 (Fla.2007); Harris v. State, 937 So.2d 211 (Fla. 3d DCA), review dismissed, 942 So.2d 413 (Fla. 2006); Pratt v. State, 429 So.2d 366 (Fla. 1st DCA 1983).
Although not an exhaustive list, the following are relevant circumstances to consider:
 the nature of the offense(s) charged and the defense(s) raised by the defendant, McJimsey v. State, 959 So.2d 1257 (Fla. 4th DCA 2007); Grier v. State, 928 So.2d 368, 369-70 (Fla. 3d DCA 2006), review denied, 952 So.2d 1191 (Fla.2007), and cases cited;
 the issues disputed at trial and whether any factual issues, including any elements of the offense, were conceded or necessarily admitted at trial, Reed v. State, 837 So.2d 366 (Fla.2002); State v. Delva, 575 So.2d 643 (Fla.1991); Davis v. State, 804 So.2d 400 (Fla. 4th DCA 2001);
 the evidence presented and arguments made by counsel during trial, Floyd v. State, 850 So.2d 383 (Fla. 2002); Garzon v. State, 939 So.2d 278 (Fla. 4th DCA 2006), review granted, 956 So.2d 455 (Fla.2007); Palazzolo v. State, 754 So.2d 731 (Fla. 2d DCA 2000); Martinez v. State, 933 So.2d 1155 (Fla. 3d DCA 2006), review granted, 959 So.2d 717 (Fla.2007);
 the nature of the erroneous instruction (e.g., element of the crime, affirmative defense), Garcia v. State, 901 So.2d 788, 793 (Fla.2005), and cases cited; Sochor v. State, 619 So.2d 285 (Fla.1993); whether the erroneous instruction negated defendant's sole defense, Barnes v. State, 868 So.2d 606, 607-08 (Fla. 1st DCA 2004); Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985);

*237  whether the error is one of inclusion or omission (e.g., adding an uncharged element or omitting an essential element), or is a failure to give an instruction entirely, State v. Weaver, 957 So.2d 586 (Fla.2007); Martinez;

 the other instructions given to the jury and the effect of those instructions on the erroneous instruction, State v. Wilson, 686 So.2d 569 (Fla. 1996); Diecidue v. State, 131 So.2d 7 (Fla.1961); and
 the relationship of the erroneous instruction to the verdict rendered, State v. Lucas, 645 So.2d 425 (Fla. 1994); Martinez.[3]
The circumstances listed above simply represent an extension of the concept that "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Stewart v. State, 420 So.2d 862, 863 (Fla. 1982). Phillips is required to demonstrate that, in light of the totality of the circumstances, the instruction was so erroneous it "must [have] affect[ed] the validity of the trial to the extent that the verdict would not have been the same if the error had not occurred." Pena v. State, 901 So.2d 781, 786 (Fla.2005).
A review of the totality of the circumstances in this case compels a conclusion that no fundamental error was committed and the failure to preserve this error by contemporaneous objection is fatal to the claim.
1. The other instructions given to the jury
Although the other jury instructions in the case do not provide meaningful context, it is helpful to consider the balance of the duress or necessity instruction itself. The instruction on duress or necessity was a full page long, and it was correct in every respect save the final paragraph. A complete copy of the instructions was sent into the jury room when the jury retired to begin its deliberations.
The court advised the jury in the two introductory paragraphs that one of the disputed issues in the trial was whether Phillips acted out of duress or necessity. The jury was unequivocally instructed that "[i]t is a defense to the crime of battery on a law enforcement officer, battery, resisting with violence, resisting without violence, or battery if the defendant acted out of duress or necessity." The trial court then correctly explained the six elements that Phillips was required to prove to establish this affirmative defense. The trial court concluded the duress or necessity charge as follows:
If you find from the evidence that the defendant committed the [crimes charged] out of duress or necessity, you should find the defendant not guilty. However, if you find that the defendant committed the [crimes charged] out of duress or necessity you should find the defendant guilty if all of the elements of the charge have been proved.
The final sentence of the instruction obviously should have read: "However, if you find from the evidence that the defendant *238 did not commit. . . ." While the erroneous instruction would naturally cause some confusion, this did not transform the error into one that reached down into the validity of the trial. The instruction at issue contained what most would perceive as a scrivener's error. Given the entirety of the duress or necessity instruction, we are convinced that any reasonable juror would have reached this same conclusion. Our determination is supported by a review of the other circumstances of the trial, which, notwithstanding the error, confirm that the jury correctly applied the law on the duress or necessity defense to the facts of this case.
2. The nature of the charges, the defense, the evidence and the arguments of counsel
Phillips did not assert the duress or necessity defense to all ten counts, but only to the seven counts arising out of his apprehension inside the house with the police dog. Phillips did not claim that he acted out of duress or necessity during the earlier incident in the street with Deputy Washecka. This is most clearly shown by the closing argument presented by Phillips' counsel:
You will get from the Judge . . . a duress or necessity instruction which says, it is a Defense if the defendant acted out of duress or necessity. In order to find the defendant committed the charge out of duress you must find that the defendant reasonably believed an emergency existed which was not intentionally caused by himself. He didn't cause anything. The danger threatened significant harm to him, yeah, a 70 pound German Shepard (sic) trained to rip your eyes out.
I say teeth sinking into any parts of your body is pretty much a dangerous or serious bodily injury. The defendant's harm must be real [im]minent and impending. Well, it doesn't get any realer, if I can invent a word here, than having a dog snarling and barking at you that's trained to attack about six inches or a foot from your face moving towards you as you keep moving back.
We have raised that defense. Before you can convict Allen you have to conclude beyond and to the exclusion of every reasonable doubt that that defense doesn't wash, that that defense doesn't have any merit to it.
3. The relationship of the erroneous instruction to the verdict rendered
The limited nature of the defense (i.e., raised only in defense of the seven counts arising from the confrontation with the police dog in the house) is significant because the jury found Phillips guilty of only three counts: Battery on a Law Enforcement Officer, Felony Battery, and Resisting an Officer With Violence. Each of these counts involved Deputy Washecka as the victim, and each of these three counts involved the earlier encounter in the street, not the confrontation in the house with the other Deputies and the police dog. The jury acquitted or deadlocked on the seven counts arising from Phillips' actions inside the house.
Phillips cannot establish that the "verdict of guilty could not have been obtained without the assistance of the alleged error," Delva, 575 So.2d at 645, because the jury convicted Phillips of the three counts that did not involve the defense of duress or necessity. The instruction in this case, while erroneous, was not fundamentally so, and it did not deprive Phillips of his right to a fair trial.
Affirmed.
KLEIN and GROSS, JJ., concur.
NOTES
[1] Prior to sentencing, Phillips pled nolo contendere to the five counts on which the jury deadlocked, and the trial court sentenced Phillips on those counts (together with the three he had been found guilty of at trial) to concurrent terms of six years in prison as a habitual offender, with a five-year minimum mandatory on each count as a prison releasee reoffender.
[2] This portion of the standard jury instruction reads: "However if you find that the defendant did not commit the (crime charged) (lesser included offenses) out of [duress] [necessity] you should find the defendant guilty if all the elements of the charge have been proved." Fla. Std. Jury Instr. (Crim.) 3.6(k).
[3] Although this totality of the circumstances test necessarily involves an assessment of the relative prejudice or harmfulness of the erroneous instruction, it should not be equated with a harmless error analysis, which requires the error be preserved, imposes substantially different burdens on the parties and involves substantially different considerations. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Moreover, as the supreme court has held, fundamental error is not subject to a harmless error review. Reed v. State, 837 So.2d 366, 369-70 (Fla.2002).