CANADY, C.J.,
dissenting.
Because I conclude that the comments of the sentencing judge which are at issue here do not constitute fundamental error, I dissent. The minor impact of the sentencing judge’s “rounding-up” methodology on Cromartie’s sentence does not rise to the level of error “that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected.” Maddox v. State, 760 So.2d 89, 100 (Fla.2000).
“We have warned that the fundamental error doctrine applies only rarely,” Harrell v. State, 894 So.2d 935, 941 (Fla.2005)— that is, “where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Smith v. State, 521 So.2d 106, 108 (Fla.1988). The error asserted here is not of this magnitude. Athough I do not agree with the First District’s characterization of the asserted error here as “a *566 denial of due process,” I agree with the First District’s decision to affirm the sentence. Cromartie v. State, 16 So.3d 882, 883 (Fla. 1st DCA 2009).
POLSTON, J., concurs.