Conner, J.
David A. Johnson ("Defendant") appeals his convictions and sentences after a jury found him guilty of one count of lewd or lascivious conduct with a child, three counts of sexual battery on a child by a person standing in a position of familial or custodial authority, four counts of lewd or lascivious molestation of a child, and one count of sexual battery upon a child. He argues that the trial court erred by: (1) improperly admitting hearsay statements of the two child victims; (2) denying his motions for judgment of acquittal as to five counts; (3) denying his motion to redact a detective's statements of opinion while interviewing the children; (4) giving improper instructions to the jury about reading back trial testimony in lieu of providing transcripts during deliberation; (5) allowing hearsay where the probative value of the statements was outweighed by unfair prejudice; (6) giving flawed jury instructions for lesser included offenses under Counts 2 and 3, constituting fundamental error; (7) admitting one victim's hearsay statements relating to Defendant's bad acts for which he was not on trial; (8) ruling there was no procedural prejudice caused by the State's discovery violation; and (9) finding Defendant to be a habitual offender and sentencing him as a habitual offender.
As to issues (1)-(5) and (7)-(9), we affirm without discussion the trial court's rulings. As to issue (6), regarding asserted error in the instructions for a lesser included offense under Counts 2 and 3, we conclude there was no fundamental error, affirm the trial court, and explain our reasoning. Additionally, as to issue (9), the sentencing issue, Defendant points out that the written sentencing order for Count 1 contains a scrivener's error. Count 1 alleged the crime of lewd or lascivious conduct. In the sentencing order, the trial court inadvertently checked the box entitled "Controlled Substance Within 1000 Feet of School." The State concedes error on that point. Thus, we remand for the trial court to enter a corrected sentencing order to correct the scrivener's error.
Background
Defendant was charged by information with nine counts of sexual offenses involving two children, his niece and nephew. The nephew, J.H., was the alleged victim for Counts 2 and 3. Both counts accused Defendant of sexual battery by a person standing in a position of familial or custodial authority. Count 2 alleged that Defendant caused "J.H.'s penis to penetrate or unite with the anus of [Defendant]." Count 3 alleged that Defendant caused "his mouth and/or tongue to penetrate or unite with the penis of J.H."
The case proceeded to a jury trial. During the charge conference, the trial court went over the jury instructions with counsel, discussing the instructions for each count. Separately, as to Counts 2 and 3, the trial court asked counsel if there were any objections to the instructions for the primary offense. The lesser included offenses for both counts were lewd or lascivious battery and battery. The trial court *397 reviewed the instructions separately for each count for the lesser included offenses and again asked if there were any objections. Defense counsel stated he had no objections to the instructions for both the primary and the lesser included offenses. The instructions for each primary offense were printed separately on a single page. Similarly, the instructions for each lesser included offense were printed separately on a single page.
When reading the instructions to the jury, the transcript indicates that the trial judge inadvertently read the instruction for the lesser included offense of lewd or lascivious battery for Count 3 immediately after reading the instruction for the primary offense alleged in Count 2, and likewise, read the lesser included instruction of lewd and lascivious battery for Count 2 immediately after reading the instruction for the primary offense alleged in Count 3. After releasing the jury to consider its verdict, defense counsel did not object to the instructions as read.
Each verdict form for Counts 2 and 3 had an interrogatory to address if the jury found Defendant guilty as charged. The jury was asked to mark the appropriate statement as to whether there was penetration as alleged in the information. Thus, the interrogatory for Count 2 was framed in terms of a penis penetrating an anus, and the interrogatory for Count 3 was framed in terms of a penis penetrating a mouth.
The jury found Defendant guilty as charged as to all nine counts alleged in the information. As to Counts 2 and 3, the jury found that penetration occurred for both counts. No motion for new trial alleging an error in the jury instructions was filed.
Defendant was adjudicated guilty on all the charges and sentenced to prison. Defendant gave notice of appeal.
Appellate Analysis
During the charge conference, the trial court went through the instructions count by count and asked whether the State and Defendant had objections. Relevant to Defendant's argument on appeal as to Counts 2 and 3, the trial court asked if there were any objections to the draft "sexual battery familiaral [sic] or custodial instruction," as well as the "lessor [sic] offense of lewd and lascivious battery" draft instruction, to which defense counsel replied "No" as to both.
Because there was no contemporaneous objection to the instructions for either count, we apply a fundamental error analysis. Daniels v. State , 121 So.3d 409, 417 (Fla. 2013).
To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Brown [v. State , 124 So.2d 481, 484 (Fla.1960) ]. In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict ."
Id. (alteration in original) (quoting State v. Delva , 575 So.2d 643, 644-45 (Fla. 1991) ).
[W]here the trial court fails to correctly instruct on an element of the crime over which there is dispute, and that element is both pertinent and material to what the jury must consider in order to decide if the defendant is guilty of the crime charged or any of its lesser included offenses, fundamental error occurs.
Id. at 418.
Regarding the sexual battery charged in Count 2, the trial court read as one of the elements that the jury needed to find whether "defendant committed an act upon or with J.H. in which the sexual organ of *398 J.H. penetrated or had union with the anus of [Defendant] ." (emphasis added). However, when instructing on the lesser included offense of lewd or lascivious battery for Count 2, the trial court read as one of the elements whether "[Defendant] committed an act upon or with J.H. in which the sexual organ of J.H. penetrated or had union with the mouth and/or tongue of [Defendant] ." (emphasis added). Similarly, for the sexual battery charged in Count 3, the trial court read as one of the elements that the jury needed to find whether "defendant committed an act upon or with J.H. in which the sexual organ of J.H. penetrated or had union with the mouth and/or tongue of [Defendant] ." (emphasis added). For the lesser included offense of lewd or lascivious battery for Count 3, the trial court read as one of the elements whether "[Defendant] committed an act upon or with J.H. in which the sexual organ of J.H. penetrated or had union with the anus of [Defendant] ." (emphasis added). Defendant argues that the instructions for the two crimes were confusing, mixed up, and improper because the factual allegation for the charged crime in Count 2 was read with factual allegation for the lesser included offense for Count 3, and vice versa.
The situation we confront in this case is comparable to the situation presented in Phillips v. State , 972 So.2d 233 (Fla. 4th DCA 2007). In Phillips , when instructing the jury on the defense of duress or necessity, the trial court mistakenly said:
If you find from the evidence that the defendant committed the [crimes charged] out of duress or necessity, you should find the defendant not guilty. However, if you find that the defendant committed the [crimes charged] out of duress or necessity you should find the defendant guilty if all of the elements of the charge have been proved.
Id. at 237 (emphasis added). As we noted, "[t]he final sentence of the instruction obviously should have read: 'However, if you find from the evidence that the defendant did not commit ....' " Id. at 237-38. Similar to this case, Phillips argued that the flawed instruction was fundamental error. Id. at 235.
We reasoned in Phillips that:
Whether an erroneous jury instruction constitutes fundamental error cannot be made in a vacuum; it must be based upon the totality of the circumstances of each individual case. As this court has previously stated: "[T]he determination of whether fundamental error occurred requires that the ... instructions be examined in the context of the other jury instructions, the attorneys' arguments, and the evidence in the case...." Garzon v. State , 939 So.2d 278, 283 (Fla. 4th DCA 2006) [.]
Id. at 236 (first alteration in original). One of several factors we considered in Phillips was other instructions given to the jury. Id. at 237. In analyzing the situation, we said:
While the erroneous instruction would naturally cause some confusion, this did not transform the error into one that reached down into the validity of the trial. The instruction at issue contained what most would perceive as a scrivener's error. Given the entirety of the duress or necessity instruction, we are convinced that any reasonable juror would have reached this same conclusion. Our determination is supported by a review of the other circumstances of the trial, which, notwithstanding the error, confirm that the jury correctly applied the law on the duress or necessity defense to the facts of this case.
Id. at 238.
We reach a similar conclusion in this case. Here, a written copy of the jury *399 instructions read by the trial court was given to the jury to use during deliberations. In the packet of instructions sent to the jury room, the instructions for the two sexual battery counts and the two lesser included offenses of lewd or lascivious battery are printed on a single page for each. It appears that the pages for the lesser included offenses were out of sequence with the primary charge for each count. Given the evidence presented and the facts as argued in closing arguments, we are satisfied that the jury understood which lesser included instruction went with the primary charge. Additionally, the verdict form assisted the jury in applying the instructions properly. For Count 2, the verdict form was as follows:
WE, THE JURY, find as follows as to the Defendant in this case:
(check only one)
____ A. The Defendant is Guilty of Sexual Battery - Familial or Custodial Authority, as charged in the Information.
If you find the Defendant guilty of Sexual Battery as charged in the Information, then you must further check 1 or 2.
1. ____ We further find that J.H.'s penis did penetrate the anus of the Defendant.
2. ____ We further find that J.H.'s penis did not penetrate the anus of the Defendant.
____ B. The Defendant is Guilty of Lewd or Lascivious Battery, a lesser included offense.
____ C. The Defendant is Guilty of Battery, a lesser included offense.
____ D. The Defendant is Not Guilty.
SO SAY WE ALL ....
The verdict form for Count 3 was the same, except the interrogatory asked whether "Defendant's mouth and/or tongue" penetrated "the penis of J.H." Based on the interrogatories regarding penetration, we are satisfied that the jury properly understood the necessary facts for each lesser included offense.
The jury instructions in this case taken as a whole were not an incorrect statement of law, did not lessen the State's burden, and did not instruct Defendant on uncharged acts. The instructions for the lesser included offenses were simply switched between Counts 2 and 3 in an obvious error and in the nature of a scrivener's error. The error did not go to the heart of the charges, since the factual allegations for both primary crimes and the lesser included crimes were contained in the instructions, just simply in the wrong order. Thus, we determine the jury instructions for Counts 2 and 3 did not result in fundamental error.
As to the nine issues raised by Defendant on appeal, we affirm the trial court's rulings. However, as the State concedes there is a scrivener's error in the written sentence for Count 1, we remand for the trial court to enter a corrected written sentence that removes the scrivener's error. See Fla. R. App. P. 9.200(f)(1) ("If there is an error or omission in the record, ... the court may correct the record."); Rodriguez v. State , 223 So.3d 1053, 1054-55 (Fla. 2d DCA 2017) (remanding for correction of a scrivener's error in the final judgment). A new sentencing hearing is not required.
Affirmed and remanded with instructions to correct record.
Gross and Forst, JJ., concur.