498 So.2d 986 (1986)
Paul Clair LENTZ, Appellant,
v.
STATE of Florida, Appellee.
No. BH-170.
District Court of Appeal of Florida, First District.
December 5, 1986.
*987 Michael Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Lentz appeals from a conviction of attempted first degree murder with a firearm. We reverse and remand for a new trial.
In September 1983, after discovering that the victim had been having an affair with his wife, Lentz shot the victim several times. His only defense to the resulting charge of attempted first degree murder was insanity at the time of the offense. The expert evidence at trial was sharply conflicting on that issue. In his closing trial argument, the prosecutor told the jury that it was the judge's responsibility to assign the penalty following jury deliberations. The trial court denied a defense request that, as a result of this remark, the jury be instructed as to the mandatory minimum penalties involved in the case.
The jury was instructed on Lentz' insanity defense as follows, using Standard Jury Instruction (Criminal) 3.04(b), effective 1 July 1981:
An issue in this case is whether the Defendant was legally insane when the crime allegedly was committed. You must assume he was sane unless the evidence causes you to have a reasonable doubt about his sanity. If the Defendant was legally insane, he is not guilty. To find him legally insane, these three elements must be shown to the point that you have a reasonable doubt about his sanity. One, the Defendant had a mental infirmity, defect or disease. Two, this condition caused the Defendant to lose his ability to understand or reason accurately. Three, because of the loss of these abilities, the Defendant did not know what he was doing or did not know what would result from his actions or did not know it was wrong, although he knew what he was doing and its consequences.
The defense did not object to this instruction, nor was an alternative instruction requested. The jury found Lentz guilty of attempted first degree murder with a firearm and he was sentenced to thirty years imprisonment with a mandatory minimum sentence of three years.
Lentz argues first that he should have been granted a new trial based on the prosecutorial remark set forth above, which he alleges inferred that the jury could relax its deliberations because Lentz could "get off" lightly if found guilty. See Pait v. State, 112 So.2d 380 (Fla. 1959). Alleged prosecutorial improprieties must be viewed in the context of the record as a whole to determine if they constitute sufficient prejudice to mandate a new trial. State v. Murray, 443 So.2d 955, 956 (Fla. 1984); Walker v. State, 483 So.2d 791 (Fla. 1st DCA 1986).
A review of the record herein reveals that the contested remark was made in the context of urging the jury to consider only the evidence and not any sympathy they might feel for Lentz nor any possible penalty he might receive. The prosecutor did not state or imply that Lentz could "get off" with a light sentence so that the jury should not worry about finding him guilty. We affirm on this issue.
*988 However, Lentz also contends that the trial court reversibly erred in instructing on his insanity defense using only SJI 3.04(b). In Yohn v. State, 476 So.2d 123 (Fla. 1985), the Supreme Court answered in the negative the certified question of whether SJI 3.04(b) along with the general reasonable doubt instruction was sufficient to instruct the jury on the State's burden to prove sanity beyond a reasonable doubt once the defendant has rebutted the presumption of sanity. The Yohn court pointed out Holmes v. State, 374 So.2d 944 (Fla. 1979) cert. den. 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980), which stated the Florida law that, where there is testimony of insanity sufficient to present a reasonable doubt of sanity in the minds of the jurors, the presumption of sanity vanishes and the sanity of the accused must be proven by the prosecution, as any other element of the offense, beyond a reasonable doubt. Yohn at 126 citing Holmes at 948.
The court noted the federal position that it was not unconstitutional to place the burden on a defendant to prove insanity at the time of the offense, but stated that "we have chosen not to place this burden of proof on the defendant in the state of Florida, but ... to create a rebuttable presumption of sanity which if overcome, must be proven by the State just like any other element of the offense." Yohn at 126. The court also pointed out that its approval of SJI 3.04(b) did not relieve the trial judge of his responsibility of correctly charging the jury, as the standard instructions were merely a guideline to be modified or amplified depending on the facts of each case. Yohn at 126-27.
The court went on to state that, since Florida law leaves to the jury the decision as to whether there has been sufficient evidence of insanity presented to rebut the presumption of sanity, "it is crucial that the jury be clearly instructed on the State's ultimate burden to prove that the defendant was sane at the time of the offense." Yohn at 128. The court was critical of SJI 3.04(b) in that it
"stop[ped] after instructing the jury on the presumption of sanity and the requirements that the elements of sanity be shown sufficiently to raise a reasonable doubt as to defendant's sanity. The instruction frames the issue as one of finding the defendant legally insane. This places the burden of proof on the defendant's shoulders since it will always be the defendant who will be showing his or her insanity. The jury is never told that the state must prove anything in regard to the sanity issue. This is not the law in Florida.
Yohn at 128. The decision of this court affirming the defendant's conviction was quashed, and the case remanded with instructions to remand to the trial court for a new trial. See also Walker v. State, 479 So.2d 274 (Fla. 2d DCA 1985).
In this case, it is clear that the court instructed with regard to insanity using only 3.04(b) and did not instruct on the State's burden to prove sanity beyond a reasonable doubt, provided that the jury, as is its function, found that the presumption of sanity had been rebutted. However, unlike Yohn and Walker, defense counsel herein did not object to the use of the instruction nor propose an alternative. Alleged errors in jury instructions must be timely asserted below, subject only to the "limited exception" which arises in the "rare cases of fundamental error." Williams v. State, 400 So.2d 542, 544 (Fla. 3d DCA 1981) cert. den. 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983) citing Castor v. State, 365 So.2d 701, 703 (Fla. 1978). Castor established that, for an error to be so fundamental that it may be urged on appeal though not properly preserved below, the asserted error must amount to a denial of due process, that is, of a fair trial. Castor at 704, n. 7.
In Williams, the issue was whether the omission from the jury instructions of the element of intent from the crime of robbery was a fundamental error so as to permit review absent objection below. The court held that fundamental error occurred in such a situation only when the omission *989 was pertinent or material to what must actually be considered by the jury in order to convict.
In Williams, the omitted element of intent was not at issue and the court held that it could not be said that defendant's right to a fair trial was compromised by the failure to tell the jury that the state must prove something which was indisputed. Williams at 544. The court therefore concluded that the omission from an instruction of an element of the crime constituted fundamental error only when it concerned a "critical and disputed jury issue in the case"; when it does not appear that the defective charge was an issue at trial, review will be declined absent objection. Williams at 544-45 (citations omitted). See also Enriquez v. State, 449 So.2d 845 (Fla. 3d DCA 1984); Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984).
In this particular case, however, the omitted element of Lentz' sanity was a "critical and disputed" issue since it was his only defense and the evidence thereon was sharply conflicting. We therefore find that, under the circumstances herein, the omission to instruct on that element was fundamental error review of which required no objection below, and that reversal for a new trial is required by Yohn.
We note the decision of our sister court in Snook v. State, 478 So.2d 403 (Fla. 3d DCA 1985), which took the position that it was not fundamental error for the trial court, without objection, to instruct on insanity using 3.04(b). The Snook court, while noting Yohn, chose to base its decision on federal authorities holding that it is not a denial of due process to place on a defendant the burden to prove insanity. Snook at 405. As noted above, however, the Yohn court specifically rejected this federal position, stating that "we have chosen not to place this burden on the defendant in the state of Florida, but ... to create a rebuttable presumption of sanity which if overcome, must be proven by the state just like any other element of the offense." Yohn at 126. Therefore, we do not follow Snook, but reverse and remand for a new trial.
Pursuant to Rule 9.030(a)(2)(A)(iv), Fla.R. App.P., we certify that this decision expressly and directly conflicts with a decision of another district court of appeal on the same question of law. See Snook v. State, 478 So.2d 403 (Fla. 3d DCA 1985).
Reversed and remanded for a new trial.
SHIVERS, J., concurs.
JOANOS, J., dissents with written opinion.
JOANOS, Judge, dissenting.
I disagree with the majority's decision to reverse and remand for a new trial.
I believe, as did the Third District Court of Appeal, that it is not fundamental error for the trial court, without objection, to instruct the jury on the defense of insanity in accord with 3.04(b) of the Florida Standard Jury instructions in criminal cases. Snook v. State, 478 So.2d 403, 405 (Fla. 3d DCA 1985).
I do agree with the majority's view of the challenged prosecutorial remarks and the decision to certify the conflict of the majority decision with the view of the Third District Court of Appeal.