ON REHEARING EN BANC
JO ANOS, Judge.
Appellant filed a motion for rehearing of the opinion of this court which affirmed his felony convictions. The court on its own motion granted rehearing en banc pursuant to Fla.R.App.P. 9.381(c) in order to maintain uniformity in the court’s decisions.
In support of his Motion for Rehearing appellant cites us to this court’s opinion in Lentz v. State, 498 So.2d 986 (Fla. 1st DCA 1986) in which this court reversed a first degree murder conviction and remanded for a new trial.[1] This court based its decision on the trial court’s failure to give an instruction on the state’s burden to prove the defendant's sanity, an element which is omitted from the insanity defense instruction that was given, Florida Standard Jury Instructions (Criminal) 3.04(b), as disapproved in Yohn v. State, 476 So.2d 123 (1985). In Lentz, this court found that the failure to instruct on the state’s burden of proving defendant’s sanity was reversible error in spite of the fact that defense counsel made no objection below and offered no alternative jury instructions.
In response to appellant’s Motion for Rehearing, the state cited as supplemental authority Roman v. State, 475 So.2d 1228 (Fla.1985), cert. denied, — U.S. -, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986), where, as in the instant case, defense counsel made no objection to the jury instruction given on the insanity defense, and presented no alternative instructions (both an objection and instruction were presented by defense counsel in Yohn). When this issue was raised on appeal in Roman the Florida Supreme Court found:2
As appellant’s last point relating to the guilt phase, he contends that the trial court erred in failing to instruct the jury that the state had the burden of proving beyond a reasonable doubt that appellant was legally sane at the time of the commission of the offense. Appellant did not preserve this point, as he did not request the trial court to give this instruction. We find no error. We have reviewed the entire record, find the evidence more than sufficient to support appellant’s convictions, and find no reversible error.
475 So.2d at 1234.
Neither party in Lentz cited the Roman case and our earlier opinion in Lentz did not discuss the effect of that opinion. Therefore we now hold, as did the Fifth District Court in State v. Lancia, 499 So.2d 11 (Fla. 5th DCA 1986), that when the trial court errs by giving an insanity instruction which fails to put the burden of proof of the defendant’s sanity on the state, as required by Yohn, defense counsel must preserve the error by objection at trial or by requesting a proper instruction in order for an appellate court to afford relief.[2] Roman; Lancia. See also Martin v. Wainwright, 497 So.2d 872, 874 n. 2 (Fla.1986), cert. denied Martin v. Dugger, — U.S. -, 107 S.Ct. 1965, 95 L.Ed.2d 536 (1987).
In light of the controversy surrounding this issue, we conclude by certifying that this case involves the following question of great public importance:
Whether the jury instruction on insanity disapproved in Yohn v. State, 476 So.2d 123 (Fla.1985), is fundamental error requiring reversal in absence of objection or offer of alternate jury instructions?
We note that a similar question was certified in Smith v. State, 497 So.2d 910, 912 (Fla. 3rd DCA 1986). Smith has been assigned case no. 69,715, and is set for oral argument before the Florida Supreme Court on September 4, 1987.
*569 We affirm appellant’s convictions and remand for resentencing proceedings consistent with our earlier decision.
SMITH, C.J., and BOOTH, WENTWORTH, THOMPSON, WIGGINTON, and NIMMONS, JJ., concur.
ZEHMER, J., specially concurs, with an opinion.
MILLS, ERVIN and SHIVERS, JJ., concur in J. ZEHMER’S Specially concurring opinion.
BARFIELD, J., concurs and dissents, with an opinion.

. We note that certiorari has been granted by the Florida Supreme Court, Case No. 69,838, and review is pending.

. We further note that in the case before us, defense counsel argued to the jury that the state had the burden of proving appellant’s sanity. In addition, there was no argument by the state or instruction by the trial court to the contrary. Consequently, although the instructions did not comply with the requirements of Yohn, it appears that the jury nevertheless received the correct message as to the burden of proof.