528 So.2d 125 (1988)
Luther Keith EVANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-3119.
District Court of Appeal of Florida, Third District.
July 19, 1988.
Bennett H. Brummer, Public Defender, and May L. Cain, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN[*], JJ.
PER CURIAM.
The defendant appeals his sentence of 164 years for attempted first degree murder with a firearm and possession of a firearm during the commission of a felony. We reverse and remand.
On February 14, 1986, defendant was charged with unlawful possession of a firearm during the commission of a felony and attempted first degree murder with a firearm. The charges arose out of an incident which occurred on the afternoon of January 30, 1986 at the takeout window in front of a small convenience store. According to testimony, a patron of the store was putting his takeout order into the basket of his bicycle when he bumped into the defendant. The patron apologized and the defendant, who apparently did not accept the apology, took out a gun and shot the patron three times, inflicting serious injuries. The defendant was found guilty of the charges and sentenced to consecutive sentences of 134 years for attempted murder and 30 years for unlawful possession of a firearm.
The defendant raises three points on appeal. He argues that the trial court relied on invalid reasons for departing from the guidelines, that the sentences were excessive, and that consecutive sentences should not have been imposed for the two convictions since they were part of the same occurrence.
First, we consider the defendant's claim that it was error to impose consecutive sentences for the convictions for possession of a firearm during the commission of a felony and attempted first degree murder with a firearm. To evaluate this claim *126 we apply the analysis enunciated in Carawan v. State, 515 So.2d 161 (Fla. 1987). First, there is no clear and specific statement of legislative intent that these two offenses are to be treated as separate for the purpose of convictions and sentences. Absent such intent, we apply the Blockburger test to determine "whether each offense as defined in the statute requires proof of a fact that the other does not, without regard to the accusatory pleadings or proof adduced at trial." Carawan, 515 So.2d at 167, citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); § 775.021(4), Fla. Stat. (1985).
The statutory elements of the offense of attempted first-degree murder with a firearm are (a) the attempted, (b) unlawful, (c) killing, (d) of a human being, (e) with a firearm. §§ 782.04(1)(a), 777.04(1), and 775.087(1), Fla. Stat. (1985).[1] The statutory elements of unlawful possession of a firearm while engaged in a criminal offense are (a) displaying, using or threatening or attempting to use any firearm or carrying a concealed firearm, (b) while committing or attempting to commit any felony. § 790.07(2), Fla. Stat. (1985). Finding that these elements are the same and that there is no express legislative intent to punish the same offense twice, we conclude that Evans may not be convicted and sentenced for both offenses. Because we have resolved this issue in favor of the defendant there is no need to consider the "rule of lenity." Carawan, 515 So.2d at 165.
We address defendant's assertion that the reasons given by the trial court for enhancing the sentences were invalid for the sake of future guidance only since the resolution of the first issue requires that the sentence be recalculated. The court listed its reasons as 1) the defendant's escalating pattern of violence, 2) the fact that the offense was committed only nine months after the defendant's release from probation and incarceration, 3) the defendant's prior adjudications of delinquency which were not factored into the sentencing guidelines, 4) the cold and unprovoked manner in which the defendant acted, and 5) the psychological trauma suffered by the victim.
The first two reasons have been upheld as valid reasons for departure from the guidelines. See Williams v. State, 504 So.2d 392 (Fla. 1987); Newland v. State, 508 So.2d 486 (Fla. 3d DCA 1987); Walker v. State, 496 So.2d 220 (Fla. 3d DCA 1986); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984). The remaining reasons are invalid justifications for departure. See Scurry v. State, 489 So.2d 25 (Fla. 1986); Fryson v. State, 506 So.2d 1117 (Fla. 1st DCA 1987).
Accordingly, we remand the case to the trial court with instructions to vacate the firearm possession offense and to recalculate the sentence without the improper conviction.
NOTES
[*] Judge Baskin did not participate in oral argument.
[1] The charging document listed the statutes for the homicide charge as sections 782.04(1)(a) (murder) and 777.04 (attempts, solicitation, conspiracy). Upon reviewing the defendant's scoresheet it is clear that section 775.087 (possession or use of a weapon) was also applied to calculate the defendant's sentence. First degree murder is a capital offense. § 782.04(1)(a)(2). The attempt statute reduces this to a felony of the first degree. § 777.04(4)(a). However, the scoresheet states that the primary offense is a life offense. Section 775.087(1) states that "whenever a person is charged with a felony, ... and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm" a first degree felony is reclassified as a life offense. Thus, the homicide conviction encompassed section 775.087(1).