PER CURIAM.
This is an appeal after remand for resen-tencing. See Evans v. State, 528 So.2d 125 (Fla. 3d DCA 1988). We affirm the sentence imposed on remand. First, there was no prima facie showing sufficient to entitle defendant to a determination of sanity pri- or to resentencing. See Pericola v. State, 499 So.2d 864, 867 (Fla. 1st DCA 1986), review denied, 509 So.2d 1118 (Fla.1987). Second, while we agree that the extent of departure was reviewable under the sentencing guidelines in effect at the time of appellant’s offense, see Albritton v. State, 476 So.2d 158, 160 (Fla.1985), we perceive no abuse of discretion with respect to the sentence imposed.
As set forth in our court’s previous opinion:
The charges arose out of an incident which occurred on the afternoon of January 30, 1986 at the takeout window in front of a small convenience store. According to testimony, a patron of the store was putting his takeout order into the basket of his bicycle when he bumped into the defendant. The patron apologized and the defendant, who apparently did not accept the apology, took out a gun and shot the patron three times, inflicting serious injuries.
528 So.2d at 125.
On remand the guidelines sentence was calculated as seventeen to twenty-two years for attempted first-degree murder. The trial court enhanced the sentence by three cells, imposing a life sentence. The reasons for departure were the defendant’s escalating pattern of violence, and the fact the offense was committed only nine months after the defendant’s release from probation and incarceration. See id. at 126. We are unable to say that there was an abuse of discretion in the three-cell departure from the guidelines sentence. See Booker v. State, 514 So.2d 1079, 1084-85 (Fla.1987).
Affirmed.