567 So.2d 997 (1990)
Paul Clair LENTZ, Appellant,
v.
STATE of Florida, Appellee.
No. 90-582.
District Court of Appeal of Florida, First District.
October 8, 1990.
Paul Clair Lentz, pro se.
No appearance for appellee.
PER CURIAM.
Paul Clair Lentz has appealed an order of the trial court denying his motion to correct an illegal sentence. We affirm, but not for the reason propounded by the trial court.
The trial court denied Lentz's motion on the ground that he had raised the *998 legality of his sentence on direct appeal. An error in sentencing that causes a defendant to be incarcerated for a greater length of time than the law permits is fundamental, and can be corrected on appeal or by the trial court in collateral proceedings. Adamo v. State, 496 So.2d 252, 253 (Fla. 4th DCA 1986). A review of this court's records in Lentz v. State, 498 So.2d 986 (Fla. 1st DCA 1986), reversed 521 So.2d 106 (Fla. 1988), shows that Lentz raised no sentencing error on direct appeal. Therefore, the trial court erred in finding that Lentz was precluded from seeking collateral relief from his allegedly illegal sentence.
On the merits of Lentz's motion, Section 775.087(1), Florida Statutes (1985), provides that a first-degree felony shall be reclassified to a life felony if "during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use" a firearm. Reclassification is not permitted for "a felony in which the use of a weapon or firearm is an essential element." Lentz was convicted of attempted first-degree murder, a first-degree felony, and was sentenced under the foregoing provision as for a life felony. He contended in his motion that, because the charge against him was worded as "attempted first-degree murder with a firearm," the use of a firearm was an essential element so that the offense could not be reclassified.
This argument is without merit. In Strickland v. State, 437 So.2d 150 (Fla. 1983), the Court held that the use of a firearm was not an essential element of the offense of "attempted first-degree murder with a firearm." Strickland at 152. Lentz contends that Evans v. State, 528 So.2d 125 (Fla. 3d DCA 1988), is inconsistent with Strickland. However, the issue in Evans was whether a defendant could be convicted of both first-degree murder with a firearm, and possession of a firearm during the commission of a felony. For this purpose, the court included the use of a firearm as an essential element of "attempted first-degree murder with a firearm," Evans at 126, but noted that it did so because the use of a firearm had been used to enhance the degree of the appellant's offense.
The essential elements of attempted first-degree murder are 1) the intent to commit murder and 2) the doing of some act toward commission of the murder. §§ 782.04(1), 777.04(1), Fla. Stat. (1985). Lentz argues that, because his only "act toward commission of the murder" was the firing of a gun, in this sense also the use of a firearm was an essential element of his offense. However, a conviction of attempted first-degree murder does not require that the act be committed with a firearm, or in any other specific way, so long as the accused takes action beyond mere preparation. Therefore, that the accused happens to commit the particular act with a firearm does not render the use of that firearm an essential element of the crime.
Based on the foregoing, the order of the trial court denying Lentz's motion to correct an illegal sentence is affirmed, not because the issue was addressed on direct appeal, but because the arguments raised in the motion are without merit.
Affirmed.
SHIVERS, C.J., and JOANOS and ZEHMER, JJ., concur.