WOLF, Judge,
dissenting.
The majority would require the trial court to address that portion of appellant’s 3.850 motion which alleges that certain conditions of probation in the written order were not pronounced in open court. Nowhere in Jones’ petition does he state the nature of the conditions which were added, nor does he claim that the conditions were not statutorily authorized.
Rule 3.850, Florida Rules of Civil Procedure, does not authorize relief based upon grounds which could have or should have been raised on direct appeal of the judgment and sentence. Caristi v. State, 578 So.2d 769 (Fla. 1st DCA 1991). The allegations in this petition could have been raised on direct appeal. Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989). An illegal sentence may be challenged either by a direct appeal or collateral attack. See Lentz v. State, 567 So.2d 997 (Fla. 1st DCA 1990). The allegations in the instant case, however, do not pertain to a sentence which is illegal (one which imposes a sentence which is not statutorily authorized as in Lentz), but rather only pertain to the manner in which the sentence was imposed. Thus, the issues raised by petitioner are not proper for a rule 3.850 motion.
Where a motion is legally insufficient on its face, there is no requirement that the trial judge attach those portions of the record which conclusively show that Jones is not entitled to relief or to conduct an evidentiary hearing. Rule 3.850, Fla. R.Civ.P. I would affirm.