# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3328

_____

MICHAEL JON MOSS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
William E. Davis, Judge.

May 13, 2019

B.L. THOMAS, C.J.

Appellant challenges his judgment and sentence, arguing that his use of a firearm could not be used to reclassify his offense under section 775.087(1), Florida Statutes.

The jury found Appellant guilty of attempted first-degree murder. The jury also found by separate interrogatory that Appellant actually possessed a firearm during the commission of the offense. After a hearing on Appellant's motion to prohibit reclassification, the court ruled that the attempted first-degree murder offense would be reclassified to a life felony.

Section 775.087(1)(a), Florida Statutes, allows attempted first-degree felonies to be reclassified as life felonies, if the defendant uses a firearm during the commission of the felony,

except where the use of a firearm is an essential element of the crime. Appellant argues that possession of a firearm was essential to the offense, where the attempted murder resulted from shooting a firearm at a residence and Appellant was sentenced to a mandatory minimum term under "10-20-Life," section 775.087(2), Florida Statutes.

The elements of attempted first-degree murder are (1) an act intending to cause death that went beyond just thinking or talking about it; (2) a premeditated design to kill; and (3) the commission of an act which would have resulted in the death of the victim except that someone prevented the defendant from killing the victim or the defendant failed to do so. *Gordon v. State*, 780 So. 2d 17, 21 (Fla. 2001); § 782.04(1) Fla. Stat. (2017); § 777.04(1), Fla. Stat. (2017). Even where the defendant's "only 'act toward commission of the murder' was the firing of a gun," the use of a firearm does not constitute an essential element of the offense, as "a conviction of attempted first-degree murder does not require that the act be committed with a firearm, or in any other specific way . . . ." *Lentz v. State*, 567 So. 2d 997, 998 (Fla. 1st DCA 1990). Therefore, the use of a firearm is not an essential element of attempted murder, and the trial court did not err in enhancing the penalty from a first-degree felony to a life felony.

Appellant cites to *Alleyne v. United States*, 570 U.S. 99, 107 (2013), in which the Supreme Court stated that a fact "that increase[s] the ceiling," that is, a fact that increases the maximum punishment for an offense, "is an element of the offense." (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000)). Appellant argues that because the use of a firearm increased the maximum punishment of Appellant's attempted murder charge under 10-20-Life, the use of firearm *is* an element of the charged offense, and thus this fact cannot be used for enhancement under section 775.087(1), Florida Statutes.

However, "[t]he sentence enhancement created in section 775.087(1) is not itself a substantive offense or an element of any underlying offense." *Birch v. State*, 248 So. 3d 1213, 1219 (Fla. 1st DCA 2018). While the use of a firearm constitutes an "element" in the context of *Apprendi* because it is a fact that must be submitted to a jury, the enhancement does not alter the underlying offense to include possession of a firearm as an "essential element." *See*

2

*Birch*, 248 So. 2d at 1219 (holding "a jury's 10–20–Life finding has no legal bearing on the findings or evidence required to convict of an underlying crime"). In other words, had the jury found Appellant did *not* actually possess a firearm while committing the attempted murder Appellant would not have been *acquitted* of attempted murder; rather, he only would not be subjected to a twenty-year mandatory minimum term under 10-20-Life. Therefore, the use of a firearm is not an "essential element" of attempted murder, and the trial court did not commit a constitutional error in reclassifying Appellant's offense. We reject all other arguments made by Appellant.

AFFIRMED.

KELSEY, J., concurs; WINOKUR, J., concurs specially with opinion.

––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––

WINOKUR, J., concurring specially.

I concur in the decision to affirm Moss' sentence against his claim that *Alleyne v. United States*, 570 U.S. 99 (2013), prohibits reclassification of attempted first-degree murder under section 775.087(1), Florida Statutes, from a first-degree felony to a life felony.[1] However, I do not think this result flows from a distinction between "element," as that term is used in *Alleyne*, and "essential

---

[1] Generally, Moss' twenty-year mandatory sentence would have been permissible even if the offense had not been reclassified. *See* § 775.087(2)(a)2., Fla. Stat. (mandating that a person who discharges a firearm in the commission of certain felonies "shall be sentenced to a minimum term of imprisonment of 20 years"). However, Moss sought sentencing as a youthful offender, which could have removed the mandatory twenty-year sentence, but is unavailable for life felonies. § 958.04(1) & (2), Fla. Stat.

3

element," as that phrase is used in section 775.087(1), Florida Statutes.

*Alleyne* held that, consistent with the Sixth Amendment, "facts that increase mandatory minimum sentences must be submitted to a jury." 570 U.S. at 116. This holding does not apply to the reclassification of Moss' offense under section 775.087(1) because reclassification does not create a mandatory minimum sentence.[2] More importantly, *Alleyne's* holding did not alter the definition of the term "element."

Moss' argument to the contrary takes *Alleyne* out of context in an attempt to undermine section 775.087(1). In fact, Moss' interpretation would render section 775.087(1) meaningless: an offense is only eligible for section 775.087(1) reclassification if it does not require use of a firearm as an element, yet an allegation that the offender used a firearm in an offense would automatically transform the offense into one that *requires* use of a firearm, thus precluding section 775.087(1) reclassification. This would apply to any attempt to reclassify under section 775.087(1). Nothing about the language or intent of *Alleyne* shows that it was meant to invalidate reclassification statutes like section 775.087(1).

Under *Alleyne*, an offense that does not require use of a firearm is a "core crime," and use of a firearm in that offense to enhance the available sentence is an "aggravated crime." 570 U.S. at 113, 116 (noting that "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury" and "the aggravating fact produced a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime") (footnote omitted). Thus, the un-aggravated crime, a "core crime" under *Alleyne*, is the same as the

---

[2] Even though *Alleyne* does not apply, Florida law has long required the jury to make the finding of firearm use before an offense could be reclassified under section 775.087(1). *State v. Overfelt*, 457 So. 2d 1385 (Fla. 1984). *See also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

crime "in which the use of a weapon or firearm is [not] an essential element" under section 775.087(1).  And because this "core crime" does not require use of a firearm, it can be reclassified under section 775.087(1).  This observation is enough to show that *Alleyne* does not redefine "element" in a way to invalidate section 775.087(1).

It is true that section 775.087(1) excludes crimes that do not include firearm use as an "essential element," a term slightly different from the term "element" used in *Alleyne*. But it is not this difference that controls the result.  It is the fact that section 775.087(1) has always defined "element" in a manner that permits reclassification of crimes such as attempted first-degree murder, and no reasons exists to alter this conclusion because the Supreme Court found in 2013 that the Sixth Amendment requires a jury finding for each "element."  Because *Alleyne* is in fact consistent with the longstanding interpretation of section 775.087(1), Moss' argument the should be rejected.

_____

Andy Thomas, Public Defender, Joanna Aurica Mauer and Kathleen Pafford, Assistant Public Defenders, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.